IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MARTINEZ, | ) | |
| | ) | Case No. 23 C 01741 |
| *Plaintiff*, | ) | |
| | ) | Hon. Thomas M. Durkin |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S RESPONSE TO COOK COUNTY'S
MOTION FOR ORDER IN LIEU OF ANSWER**

Plaintiff, John Martinez, by his attorneys, respectfully submits this response to Defendant Cook County's motion for entry of an order in lieu of an answer, stating as follows:

1. Defendant Cook County has asked this Court "to enter an order in lieu of answer to Plaintiff's Complaint." Dkt. 56.

2. The County apparently proposes that this Court enter an order affirming that: (1) there is no basis for liability on the part of the County articulated in Plaintiff's complaint; (2) the County remains in this case solely for purposes of indemnification as alleged in count XII of Plaintiff's complaint and that the County reserves all of its defenses with respect to count XII; and (3) the County is not obligated to answer or otherwise respond to Plaintiff's complaint. *Id.*

3. The County asks for a Court order that is at odds with the Federal Rules of Civil Procedure.

1

4. The County is a Defendant. As it concedes in its motion, the County is named as a Defendant because it may be required to indemnify a judgment for Plaintiff and against the individual prosecutor Defendants in this matter.

5. Rules 7, 8, and 12 outline the pleadings allowed and the rules for responding to pleadings and for asserting defenses.

6. None of these Rules permits a Court to enter an order that a Defendant need not file a responsive pleading.

7. Moreover, the County apparently wants the Court to enter an order saying that there is no basis for liability on the part of the County. But Plaintiff has named the County because it may be liable to pay a judgment entered against other Defendants. The County should not be allowed to obtain a judicial order stating it has no liability without following the Federal Rules of Civil Procedure.

8. Complicating the issue further, if the County intends to assert defenses to Plaintiff's indemnification claim, then Rules 8 and 12 describe how these defenses should be presented, and the County is not following any of those procedures. If the County wishes to contest indemnification, then briefing and discovery on the reasons why should be permitted, in accordance with the Rules.

9. Plaintiff has no objection to an order limiting the County's participation in this litigation, so long as the County conceded that it would have to indemnify a judgment against any of the individual prosecutor Defendants entered in this matter. The County apparently does not want to make that concession.

10. Moreover, Plaintiff agrees that other than the issue of indemnification, there is no discovery to be obtained from the County in this case.

11. The County has filed identical motions recently in *Rodriguez v. Guevara, et al.*, No. 1:22-cv-06141 and *Gecht v. Guevara et al.*, No. 1:23-cv-01742, both of which were denied. *See* Dkt. 66 in No. 1:22-cv-06141; Dkt. 22 in No. 1:23-cv-01742. The Court recognized in *Gecht* that the "County acknowledges it is named as a defendant for indemnification purposes. For that reason it is not a 'nominal' party as it contends. The County must respond to the complaint." Dkt. 22 in No. 1:23-cv-01742. *See also Cates v. Manning*, No. 19 C 5248, 2020 WL 1863299, at *3 (N.D. Ill. Apr. 14, 2020) (denying motion for order in lieu of answer because such an order is "tantamount to dismissal").

12. Given this state of affairs, like the other Defendants, the County should be required to follow the Federal Rules of Civil Procedure and the Court should not enter its proposed order.

RESPECTFULLY SUBMITTED,

/s/Annie Prossnitz
*One of Plaintiff's Attorneys*
Arthur Loevy
Jon Loevy
Anand Swaminathan
Steven Art
Sean Starr
Annie Prossnitz
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
prossnitz@loevy.com

## **CERTIFICATE OF SERVICE**

      I, Annie Prossnitz, an attorney, hereby certify that on July 20, 2023, I caused the foregoing Plaintiff's Response to Cook County's Motion for Order in Lieu of Answer to be filed using the Court's CM/ECF system, which served the documents on all counsel of record.

                                                /s/ Annie Prossnitz
                                                *One of Plaintiff's Attorneys*