IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MARTINEZ, | ) | |
| | ) | No. 1:23-cv-1741 |
| *Plaintiff*, | ) | |
| | ) | Hon. Thomas M. Durkin, |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.* | ) | |
| | ) | Hon. Sheila M. Finnegan |
| *Defendants*. | ) | Magistrate Judge |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S UNOPPOSED MOTION TO APPOINT SPECIAL
REPRESENTATIVE FOR DECEASED DEFENDANTS**

Plaintiff JOHN MARTINEZ, by his attorneys, respectfully moves this Court to appoint a special representative to defend this action as representative of deceased Defendants Ernest Halvorsen, Joseph Mohan, and Francis Cappitelli stating as follows:

1. Plaintiff filed this lawsuit on March 21, 2023. Dkt. 1.

2. Plaintiff's complaint alleges that he was wrongfully convicted of murder. Dkt. 1. Plaintiff further alleges that various Chicago Police Department employees—including Defendants Halvorsen—helped frame Plaintiff, causing him to be wrongfully incarcerated for decades. *Id.*

3. Defendant Halvorsen died on January 26, 2020. There is not an estate open for Defendant Halvorsen.

4. Defendant Mohan died on May 28, 1999. There is not an estate open for Defendant Mohan.

5. Defendant Cappitelli died on June 1, 2016. There is not an estate open for Defendant Cappitelli.

6. Federal district courts in Illinois have the power to appoint special administrators consistent with Illinois law. *Stewart v. Special Administrator of the Estate of Mesrobian*, 559 Fed. App'x 543, 548 (7th Cir. 2014) (recognizing this power); *Anderson v. Romero*, 42 F.3d 1121, 1124-35 (7th Cir. 1994) (appointing attorneys as special administrators after death of a plaintiff); *see also Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) ("42 U.S.C. § 1988 authorizes us to borrow provisions of state law where necessary to provide a complete remedy in a suit under 42 U.S.C. § 1983.").

7. Illinois provides for the appointment of a special representative without the opening of an estate for purposes of defending an action that survives a defendant's death. 735 ILCS 5/13-209(b)(2); *Relf v. Shatayeva*, 998 N.E.2d 18 (Ill. 2013) (discussing the procedure for appointing a special representative). Plaintiff contends the constitutional and state-law claims alleged by Plaintiff survive the deaths of the deceased Defendants Halvorsen, Mohan, and Cappitelli. *E.g., Hicks v. Young*, 2012 WL 1755735, at *1-2 (N.D. Ill. May 15, 2012). Courts in this district have appointed special representatives in these circumstances. *See DeLeon-Reyes v. Guevara*, 2019 WL 1200348 (N.D. Ill. March 14, 2019) (appointing special representatives for deceased defendants in wrongful conviction case); *Savory v. Cannon*, No. 17 Civ. 204 (N.D. Ill. Mar. 9, 2017), Dkt. 41 (appointing city clerk as special representative for deceased defendants in wrongful conviction case); *Starks v. Waukegan, et al.*, No. 09 Civ. 348 (N.D. Ill. Jan. 15, 2014), Dkt. 208 (Order Appointing Special Administrator); *Rivera v. Lake County, et al*, 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) (appointing city clerk as special representative for deceased defendants); *Tamburo v. Dworkin*, 2012 WL 10454, at *3-4 (N.D. Ill. 2012) (discussing

appointment of special representative under Illinois law); *see also Nevest Coleman v. City of Chicago, et al.*, 1:18 Civ. 998 (N.D. Ill. July 18, 2018), Dkt. 64; *Vaughn v. Griffin*, No. 2:15 Civ. 2047 (C.D. Ill. Sept. 19, 2017), Order on Dkt. 213; *Ross v. Gossett*, No. 15 Civ. 309 (S.D. Ill. July 20, 2017), Dkt. 368 (appointing special representative for deceased defendants).

8. Thus, this Court can appoint a special representative for the deceased individual defendants so that this action can be maintained against Defendants Halvorsen, Mohan, and Cappitelli.

9. Attorneys who have appeared for the City of Chicago and the individual Defendants have informed Plaintiff that the next of kin for Ernest Halvorsen has declined to be appointed as Special Representative for Ernest Halvorsen, deceased. Also, they have informed Plaintiff that the next of kin for Joseph Mohan has declined to be appointed as Special Representative for Joseph Mohan, deceased. In addition, they have informed Plaintiff that the next of kin for Francis Cappitelli has declined to be appointed as Special Representative for Francis Cappitelli, deceased. Geri Lynn Yanow, an attorney, is willing to serve as special representative for Ernest Halvorsen, deceased. Geri Lynn Yanow, an attorney, also is willing to serve as special representative for Joseph Mohan, deceased. Kevin Rogers, an attorney, is willing to serve as special representative for Francis Cappitelli, deceased. Accordingly, no additional notice is required to be provided to any of Mr. Halvorsen's heirs or legatees, Mr. Mohan's heirs or legatees, or Mr. Cappitelli's heirs or legatees pursuant to 735 ILCS 5/13-209(b)(2). Pursuant to 735 ILCS 5/13-209(b)(2), the Court may appoint Geri Yanow to serve as Special Representative on behalf of Ernest Halvorsen, deceased, and Jospeh Mohan, deceased. Pursuant to 735 ILCS 5/13-209(b)(2), the Court may appoint Kevin Rogers to serve as Special Representative on behalf of Francis Cappitelli, deceased.

10. Plaintiff will not seek punitive damages from deceased individual Defendants Halvorsen, Mohan, Cappitelli, their estates, or their Special Representative in this action.

11. Counsel for Plaintiff and counsel for Defendants have conferred, and Defendants do not oppose the appointment of Geri Lynn Yanow to act as Special Representative on behalf of Ernest Halvorsen, deceased.

12. Counsel for Plaintiff and counsel for Defendants have conferred, and Defendants do not oppose the appointment of Kevin Rogers to act as Special Representative on behalf of Francis Cappitelli, deceased.

13. By not opposing this motion, the City of Chicago and the Special Representatives of Ernest Halverson, Joseph Mohan, and Francis Cappitelli, deceased, do not forgo or waive any defenses or the ability to seek dismissal, judgment, relief from order or judgment or an appeal. Further, the City of Chicago and the Special Representatives of Ernest Halverson, Joseph Mohan. and Francis Cappitelli reserve the right to assert any defense and to pursue any dispositive and post-judgment motions and any appeals in this matter, including but not limited to those that would otherwise be available had this motion been opposed.

WHEREFORE, Plaintiff respectfully requests that the Court appoint Geri Lynn Yanow as special representative for Defendant Halvorsen, deceased, Geri Lynn Yanow as special representative for Defendant Mohan, deceased, and Kevin Rogers as special representative for Defendant Cappitelli, deceased

RESPECTFULLY SUBMITTED,

/s/ Annie Prossnitz
*Counsel for Plaintiff*

Jon Loevy
Anand Swaminathan
Steve Art

4

                          Sean Starr
Annie Prossnitz
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
prossnitz@loevy.com

## CERTIFICATE OF SERVICE

I, Annie Prossnitz, an attorney, hereby certify that on July 28, 2023, I caused the foregoing motion to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Annie Prossnitz
*One of Plaintiff's Attorneys*