UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

John Martinez
                      Plaintiff,

v.                                       Case No.: 1:23–cv–01741
                                                  Honorable Thomas M. Durkin

Reynaldo Guevara, et al.
                      Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, August 1, 2023:

      MINUTE entry before the Honorable Thomas M. Durkin: Plaintiff John Martinez alleges that he was wrongfully convicted of first−degree murder and served decades in prison for a crime he did not commit. He sues various police officers, the assistant state's attorney who prosecuted his case, Jake Rubenstein ("Rubenstein"), the City of Chicago, and Cook County ("the County"). The County filed a motion for entry of an order in lieu of answer. R. [56]. Plaintiff sues the County in this case because it "was at all relevant times the employer of the Prosecutor Defendant [Rubenstein]." R. 1 ¶ 21. The only count in the Complaint against the County is for indemnification, that is, the claim that the County "is responsible to pay any judgment entered against" Rubenstein. R. 1 ¶ 204. The County argues the interests of justice and judicial economy are not served by forcing it to answer the Complaint, which largely consists of allegations lodged against other parties. But the County must answer in order to contest or preserve its affirmative defenses to the indemnification claim. See Fed. R. Civ. P. 8(b), (c). Because the County plays a limited role in this suit, it may otherwise "conserve resources by filing a [general] denial that is premised on the notion that it has no independent duty to investigate the underlying allegations against the other Defendants." Rodriguez v. Guevara, 22 C 06141, ECF no. 66 (N.D. Ill. Apr. 20, 2023). The County must therefore answer by August 22, 2023. The County also requests an order that it be excused from discovery because it is a nominal party named only for purposes of indemnification. It also attests that it does not possess or control documents related to Plaintiff's case because the Cook County State's Attorney's Office is a separate, state−run entity. Since Plaintiff concedes that the County does not have discoverable information, this portion of the County';s request is granted. Absent a showing that Cook County is no longer a nominal defendant, it is excused from participating in discovery in this case. Mailed notice. (ecw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and

criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.