IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MARTINEZ, | ) | |
| | ) | No. 1:23-cv-1741 |
| *Plaintiff*, | ) | |
| | ) | Hon. Thomas M. Durkin, |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, GERI LYNN YANOW, as special representative of the ESTATE OF ERNEST HALVORSEN, HECTOR VERGARA, JOSEPH MOHAN, RANDY TROCHE, FRANCIS CAPPITELLI, EDWARD MINGEY, the CITY OF CHICAGO, JAKE RUBINSTEIN, and COOK COUNTY. | ) ) ) ) ) ) ) ) | Hon. Sheila M. Finnegan, Magistrate Judge |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | ) | |

**PLAINTIFF'S SUPPLEMENT TO HIS MOTION TO COMPEL
DEFENDANTS TO PROCEED WITH THIRD-PARTY DEPOSITIONS**

Plaintiff JOHN MARTINEZ, by his attorneys, respectfully submits this supplement in support of Plaintiff's Motion to Compel Defendants to Proceed with Third Party Depositions, Dkt. 109, stating as follows:

1. On January 10, 2024, this Court heard argument on Plaintiff's Motion to Compel Defendants to Proceed with Third Party Depositions. Dkt. 109. That argument focused on third-party witness Melloney Parker, who Plaintiff contends is adverse to him (given that she was a central witness implicating him in the police investigation and criminal case and given that she has never recanted her identification of Martinez as the perpetrator), and is not controlled by him, given that after extensive efforts to locate and talk with her in 2016, she talked to Martinez's post-conviction attorney and investigator for 10-15 minutes, before asking for payment).

2. That interaction with Ms. Parker is outlined in a 2016 affidavit of Plaintiff's post-conviction investigator Eladio Valdez, which is attached as Exhibit 12 to Defendants' response to Plaintiff's motion to compel. Dkt. 116-12 (the "Valdez Affidavit").

3. The Court inquired at the January 10 hearing how the Valdez Affidavit had been used in Plaintiff's underlying criminal case. This submission outlines the use of the Valdez Affidavit in post-conviction proceedings.

4. On June 7, 2016, Martinez filed an Amended Petition for Post-Conviction Relief in the Circuit Court of Cook County. Exhibit 1. That petition argued that Martinez's criminal conviction was based "almost exclusively on the testimony of eyewitness Melloney Parker," despite Martinez's efforts to argue at the criminal trial that Parker was "improperly influenced by Detective Reynaldo Guevara." *Id.* ¶ 1. The Valdez Affidavit did not yet exist and was not referenced.

5. On November 1, 2016, Martinez filed a supplement to the Amended Petition. Exhibit 2. The Valdez Affidavit was attached as Exhibit 70 to that supplement, and it was discussed in Part III of the supplement, entitled "A Sworn Affidavit from Investigator Eladio Valdez Undermines the Credibility of Melloney Parker, the State's Star Witness." *Id.* at 4-5 (Martinez 103-104).

6. On January 16, 2019, Martinez's petition for post-conviction relief was denied. Exhibit 3. With respect to the Valdez Affidavit, the Court concluded that the affidavit was insufficient to warrant relief and disregarded it as hearsay, relying instead of Parker's testimony in the original criminal case and first post-conviction proceeding. *Id.* at 13 (Martienz 12466).

7. On June 29, 2021, the denial of post-conviction relief was reversed on direct appeal, in an opinion that focused principally on Defendant Guevara's assertion of his Fifth

2

Amendment rights in response to questions about his investigation of Martinez. Exhibit 4. That decision found that the trial court's exclusion of the Valdez Affidavit as hearsay was error, but otherwise did not rely on the content of the affidavit. *Id.* at 19 ¶ 66.

8. On January 17, 2023, on remand, the trial court entered an order granting post-conviction relief based on the appellate court's conclusion that "if a trier of fact were to find testimony of Esteban Rodriguez and Jesus Fuentes to be problematic, and that Melloney Parker's statement was not credible, and that defendant's statement to police was uncorroborated, and to accept that defendant denies making that statement, it is 'more likely than not that no reasonable trier of fact would find him guilty beyond a reasonable doubt.'" Exhibit 5 at 11 (Martinez 12453).

9. Following the grant of a new trial, the State entered a *nolle pros*.

RESPECTFULLY SUBMITTED,

/s/ Steve Art
*Counsel for Plaintiff*

Jon Loevy
Anand Swaminathan
Steve Art
Sean Starr
Annie Prossnitz
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com

3

**CERTIFICATE OF SERVICE**

    I, Steve Art, an attorney, hereby certify that on January 11, 2024, I caused the foregoing motion to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

    /s/ Steve Art
    *One of Plaintiff's Attorneys*