# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MARTINEZ, | ) | |
| | ) | Case No. 23 C 01741 |
| *Plaintiff*, | ) | |
| | ) | Hon. Judge Thomas M. Durkin |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. Judge Sheila M. Finnegan |
| | ) | Magistrate Judge |
| *Defendants*. | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |

**PLAINTIFF'S OPPOSED MOTION FOR ENTRY OF A PROTECTIVE ORDER**

**INTRODUCTION AND STATEMENT OF FACTS**

Pursuant to Rule 26, Plaintiff John Martinez respectfully moves for entry of a protective order. Plaintiff and Defendants have been negotiating for months about the contours of an appropriate confidentiality protective order for this case. In addition, attorneys for the parties have been litigating the issue in several other pending cases concerning Defendant Reynaldo Guevara, including *Flores v. Guevara*, 23 C 1736 (N.D. Ill.), *Lugo v. Guevara*, 23 C 1738 (N.D. Ill.), *Davila v. Guevara*, 23 C 1739 (N.D. Ill.), and *Gonzalez v. Guevara*, No. 22 C 6496 (N.D. Ill.). Plaintiff's counsel has made every effort to reach an agreement that would avoid unnecessary motion practice, but those efforts have not been successful.

The principal dispute between the parties has been one that recurs in federal civil rights cases in this District: whether Chicago Police Department Complaint Register ("CR") files can be designated as confidential and protected from public disclosure. CR files document citizen allegations against police officers, as well as the City's response, such as any discipline. Illinois has determined that CR files are public documents that must be produced under the Illinois Freedom of Information Act ("IFOIA"). *Kalven v. City of Chicago*, 2014 IL App. (1st) 121846. The weight of authority in this District thus holds that good cause does not exist to designate entire CR files confidential. However, Defendants here and the City of Chicago, in virtually every case involving misconduct by one of its police officers, fights tooth and nail to keep those documents under protective order.

In a series of cases, Plaintiff's counsel has taken the position that this Court's model order should be entered, and they have offered compromises and concessions that would eliminate the basis of Defendants' objections to the proposed protective order. Plaintiff's counsel has proposed agreeing to Defendants producing a public version of the CR files for named

defendants and confidential versions of CRs used to support Plaintiff's *Monell* claim. Defendants rejected this proposal. See *Davila v. Guevara, et al.* Case No. 2-cv-1739 (N.D. Ill.), Dkt. 74 at 2-3. Recently, Plaintiff proposed agreeing to Defendants' position to mark CR files confidential and in exchange Defendants would agree not to redact personal identifying information for third parties and accede that Plaintiff could conduct an expedited privilege review of his medical records. Ex. 1 (Emails between parties) at 2 (December 6, 2023 Email by Spence). Defendants again rejected this proposal and instead asked Plaintiff to waive his right to a privilege review of his medical records and in turn, Defendants would not redact juvenile information subject to heighted confidentiality protections—an "attorneys' eyes only" designation. *Id.* at 1. Plaintiff rejected this unreasonable counter. As with seemingly every other issue in the pending Guevara cases, Defendants' recalcitrant litigation posture multiplies the litigation occurring in each of the more than a dozen Guevara cases pending in this District.

Nonetheless, Plaintiff's counsel has decided to take steps unilaterally in this motion to narrow the dispute. Plaintiffs in the Guevara cases where Plaintiff's counsel have appeared will no longer challenge the City's position that it wishes to mark CR files as confidential. Plaintiff takes the position even though he thinks it is legally incorrect—the City cannot establish good cause under Rule 26 to mark as confidential a document that is available to the public as a matter of Illinois law. Plaintiff intends to obtain public CR files by FOIA instead. That removes the principal dispute.

However, there are two problematic deviations from the Court's model order that Defendants insist upon that Plaintiff must oppose (1) the redaction of personal identifying information; and (2) Defendants' overboard application of the term "Confidential Information".

3

## BACKGROUND AND LOCAL RULE 37.2 STATEMENT

The parties are at impasse despite months of good faith efforts by Plaintiff's counsel to obtain Defendants' position and reach an agreement that would avoid court intervention. Starting in April and May 2023, in *Gonzalez*, Plaintiff's counsel negotiated about a possible protective order with Defendants' counsel, and they failed to reach agreement. *See Gonzalez*, Dkt. 86 at 3. In June 2023, in *Davila*, *Lugo*, and *Flores*, Plaintiff's counsel attempted to negotiate an agreed protective order again, proposing a new compromise on CR files, whereby Defendants would only have to produce non-confidential versions of the individual Defendants' CR files, and adding to the proposed protective orders concessions that Defendants had required in *Gonzalez*. *See Davila*, Dkt. 74 at 2-3. Most recently, in this case, Plaintiff again asked the Defendants to reconsider their position on CR files and protective order issues, proposing the same protective orders as in *Davila*, *Lugo*, and *Flores*. Defendants again said that they were evaluating their position, but then took the position that they would not agree.

After that, in early December, in a final effort to reach an agreement, Plaintiff proposed a comprehensive compromise on all protective order issues in all pending Guevara cases: Plaintiff would agree to entry of a protective order that treated CR files as confidential, as the City had requested, if Defendants would agree to adopt Plaintiff's view that personal identifying information and juvenile witness information should not be redacted from documents produced under protective order, and that Plaintiff should have the opportunity to review mental-health records for privilege before they are produced in this litigation. In early January, Defendants refused this compromise. Ex. 1 (Emails between the parties) at 1-2.

## LEGAL STANDARD

At issue is whether the parties have the right to disseminate public documents in advance

of trial or, alternatively, whether there is good cause to protect those documents from disclosure. Fed. R. Civ. P. 26(c)(1). The Supreme Court and Seventh Circuit have long recognized that litigants have a qualified First Amendment right to "'disseminate information discovered in advance of trial.'" *Bond v. Utreras*, 585 F.3d 1061, 1076 (7th Cir. 2009) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984)).[1] The Supreme Court in *Seattle Times* did not hold that discovery could be conducted in secret. Instead, the Court merely held that restrictions on a litigant's right to disseminate information may not "offend the First Amendment" where certain conditions are met: namely, a protective order: (a) "is entered on a showing of good cause as required by Rule 26(c); (b) is limited to the context of pretrial civil discovery; and (c) does not restrict the dissemination of the information if gained from other sources." 467 U.S. at 37. The Court also recognized that a court cannot use a protective order to prevent dissemination of documents obtained from a public source outside of the discovery process without creating First Amendment problems. *Id.* at 34.

This Court's review is thus governed by Rule 26(c)(1), which provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26 empowers this Court to fashion a protective order in the first place, and its good cause standard governs whether discovery can be disseminated in advance of trial or, alternatively, maintained as confidential. *Id.*; *see generally* 8A Wright, et al., Fed. Prac. & Proc. §§ 2035, 2036 & 2043 (3d ed. Apr. 2019 update).

---

[1] Importantly, the dispute currently before this Court does not concern the right of the *public* to access discovery materials in a federal case. *Bond*, 585 F.3d at 1076 (distinguishing between "the general right of the public to access materials contained in court files and the limited right of litigants under the First Amendment to 'disseminate information discovered in advance of trial'") (quoting *Seattle Times*, 467 U.S. at 34). *Bond* therefore does not govern the dispute here. 585 F.3d at 1077 (clarifying that *Bond* was not resolving anything about the right of *litigants* to disseminate documents produced in discovery). Instead, this dispute concerns only whether a *litigant* can disseminate public documents, or alternatively, whether there is a reason to give those documents judicial protection.

5

As the party seeking to modify this Court's model order, Defendants bear the burden of showing good cause for their proposed protective order under Rule 26. *Central States, Se. v. Nat'l Lumber Co.*, 2012 WL 2863478, at *2 (N.D. Ill. July 11, 2012) (citing *Jepson, Inc. v. Makita Elec. Works*, 30 F.3d 854, 858 (7th Cir. 1994). This Court must balance the harm to the party seeking protection against the importance of public disclosure. *In re Northshore Univ. Healthsystem*, 254 F.R.D. 338, 341-42 (N.D. Ill. 2008). In sum, the presumption is that documents exchanged in discovery can be disseminated by the parties unless good cause for a protective order exists. None of the cases discussed above suggests that good cause exists to protect public information from disclosure in a federal case.

## DISCUSSION

**I.      Although good cause does not exist to treat the CR files as confidential, Plaintiff agrees to such treatment to expedite resolution of the parties' dispute.**

For more than a decade, parties to federal and state actions in Chicago litigated whether the City could hide CR files from public view. *See Calhoun v. City of Chicago*, 273 F.R.D. 421, 423 (N.D. Ill. 2011) (collecting cases). While the City fought to keep CR files secret, litigants and members of the public advocated for public release, arguing that citizen complaints against police officers, and the City's response thereto, were a matter of public concern. In 2014, the Illinois Appellate Court sided with the public, holding that CR files are subject to public disclosure under IFOIA. *Kalven*, 2014 IL App. (1st) 121846. CR files are thus public documents, subject to certain statutory redactions.

This Court's model protective order specifically excludes publicly available documents from the list of protected categories: "Information or documents that are available to the public may not be designated as Confidential Information." Thus, the Model Order establishes that a party cannot demonstrate good cause for confidentiality under Rule 26 with respect to publicly

6

available information like CR files. Accordingly, since *Kalven* was decided in 2014, the weight of authority in this District holds that the City cannot designate entire CR files as "Confidential Information" under federal protective orders. *Williams v. City of Chicago*, 2022 WL 10105656, at *12 (N.D. Ill. Oct. 17, 2022) ("The model protective order does not allow entire CR files to be redacted or withheld, and the Court has refused to take that step, in a nod to Kalven.").[2] Indeed, following the *Kalven* decision, the City has proposed protective orders allowing for public release of CR files. *In re: Watts Coord. Pretrial Proceedings*, Master Docket Case No. 19 C 1717 (N.D. Ill.), Dkt. 57.[3]

Regardless, the City consistently has taken the approach that it will litigate the issue of whether CR files are confidential, apparently to protect from public view accusations of misconduct against its police officers. It is an unfortunate position that is inconsistent with federal and state law. But it is also a position that has delayed this litigation long enough. Plaintiff concedes the issue and includes as part of his proposed protective order the City's provisions allowing the City to mark CR files as confidential. Ex. 2 (Plaintiff's Proposed Protective Order) at ¶ 2.

## II. This Court should reject Defendants' other deviations from the Model Order, which are unsupported by good cause.

---

[2] *Walker v. Burge, et al.*, No. 21 C 4231, Dkts. 187, 188 (N.D. Ill. Feb. 2, 2023); *Fletcher v. Bogucki, et al.*, No. 20 C 4768, Dkt. 55 (N.D. Ill. Sep. 27, 2021); *Prince v. Kato*, 2019 WL 3554533, at *3 (N.D. Ill. July 30, 2019); *Sierra v. Guevara, et al.*, No. 18 C 3029, Dkt. 118 (N.D. Ill. June 7, 2019); *Batchelor v. City of Chicago*, No. 18 C 8513, Dkt. 58 (N.D. Ill. June 10, 2019); *Jackson v. City of Chicago*, 2017 WL 5478303, at *2 (N.D. Ill. Nov. 14, 2017); *Jacobs v. City of Chicago*, 2015 WL 231792, at *2 (N.D. Ill. Jan. 16, 2015); *Sokol v. City of Chicago*, 2014 WL 5473050, at *3 (N.D. Ill. Oct. 29, 2014); *Kuri v. City of Chicago*, No. 13 C 1653 (N.D. Ill. June 6, 2014), Dkt. 77 at 3; *Viramontes v. City of Chicago*, 2014 WL 12775316, at *2 (N.D. Ill. June 2, 2014); *Jackson v. City of Chicago*, No. 22 C 4337 (N.D. Ill. May 10, 2023), Dkt. 27.

[3] *Anderson v. City of Chicago*, No. 16 C 1963, Dkt. 77 (N.D. Ill.); *Hood v. City of Chicago*, No. 16 C 1970, Dkt. 56 (N.D. Ill.); *Brent-Bell v. City of Chicago*, No. 17 C 1099, Dkt. 45 (N.D. Ill.).

Defendants in this case have also proposed problematic deviations from the Model Order that are entirely unjustified and that are designed solely to give Defendants a litigation advantage. Specifically, Defendants propose that, even though the protective order will protect from disclosure documents stamped confidential, they should have the right unilaterally to redact identifying information of witnesses from documents marked confidential. This proposed provision to allow for the redaction of already confidential documents is not justified by good cause, does not add additional protection for identifying information beyond that which the protective order already provides, and serves only to hide identifying information regarding witnesses that is necessary for both sides to effectively investigate the case and identify witnesses.

Plaintiff has no objection to treating personal identifying information as confidential, as the Model Order already permits. Exhibit 2 (Plaintiff's Proposed Protective Order) at ¶ 2. However, in Defendants' proposed paragraph, Exhibit 3 (Defendants' Proposed Confidentiality Protective Order in *Gonzalez v. Guevara,* Case No. 22-cv-06496 (N.D. Ill) at ¶ 6[4], Defendants want to go an extra step and *redact* information entirely, prior to production to Plaintiff. To be clear, to the extent redactions are necessary to protect police officers' privacy, Plaintiff has no objection; such protection can be also achieved by marking the documents confidential, which will prevent their dissemination. But Defendants' proposal seeks the authority to redact much more, including any personal identifying information of witnesses. In the parties' conferences, Defendants claim that their redactions are justified under the Juvenile Court Act and necessary to protect the information of individuals, regardless of their relevance to the case. These reasons

---

[4] In the meet and confer, Defendants stated they intended to propose the same confidentiality order that they have proposed in every *Guevara* case . Ex. 1 (Email between the parties) at 3 (Email from Austin Rahe, Nov. 1, 2023).

contravene the fundamental rules of discovery and have no legal basis.

Defendants' proposal seeks the power to unliterally redact "information covered by the Juvenile Court Act." Ex. 3 (Defendants' Proposed Confidentiality Protective Order) at ¶ 6. This practice wreaks havoc in wrongful conviction cases, resulting in the City redacting key witness information in numerous documents, merely because the witness was—long ago—a juvenile. The Juvenile Court Act does not create a basis in the first place to redact information, as state statutes typically do not provide a basis to withhold information in federal litigation. *See* U.S. Const., Art. VI, cl. 2 (establishing that federal law is the "supreme Law of the Land"); *Wash. v. Wash. State Com. Passenger Fishing Vessel Ass'n*, 443 U.S. 658, 695 (1979) (state law does not superseded compliance with decrees from federal authority) Moreover, the Juvenile Court Act expressly *exempts* juvenile witnesses from its reach—precisely the information that the City seeks to redact. *See* 705 ILCS 405/1-3 ("'Juvenile law enforcement record' includes records of arrest, station adjustments, . . . or any other records or documents maintained by any law enforcement agency relating to a minor suspected of committing an offense, and records maintained by a law enforcement agency that identifies a juvenile as a suspect in committing an offense, but does not include records identifying a juvenile as a victim, witness, or missing juvenile . . . .") (emphasis added). In *Walker v. Burge*, the Court rejected Defendants' argument that it should be permitted to redact information relating to juvenile witnesses, *Walker*, No. 21 C 4231, Dkts. 187, 188, and Defendants here have not identified good cause to permit such redactions.

Under Defendants' proposed protective order, Defendants can redact personal identifying information of any third party, Ex. 3 (Defendants' Proposed Confidentiality Protective Order) at ¶ 6, including individuals who have been disclosed under Federal Rule of Civil Procedure

9

26(a)(1), witnesses listed in the investigative files, and witnesses who have knowledge of Defendants' pattern of misconduct. In short, Defendants seek to gatekeep access to information that Plaintiff is entitled to under the rules of civil discovery. *See* Fed. R. Civ. 26(b) (defining the scope of discovery as nonprivileged information that is "relevant" to the party's claims and defenses); *Wofford v. Celani*, No. 11 C 3543, 2012 WL 2847549, at *1 (N.D. Ill. July 11, 2012) (observing that evidence that is potentially relevant under Federal Rule of Evidence 404(b) is discoverable under Federal Rule of Civil Procedure 26). Civil discovery permits Plaintiff to obtain information to investigate the facts, which certainly includes having sufficient information to accurately identify witnesses for investigations. *Vakharia v. Swedish Covenant Hosp.*, No. 90 C 6548, 1994 WL 75055, at *2 (N.D. Ill. Mar. 9, 1994) ("Parties are entitled to a reasonable opportunity to investigate the facts . . . .").

Defendants have proposed that they will redact this information, Plaintiff can ask for information about the witness, and then Defendants will provide Plaintiff with the last known address based on Defendants' own investigation. This proposal is nothing more than an attempt to piggyback on Plaintiff's work product. After all, why would Plaintiff have to share with Defendants his thoughts about which witnesses to investigate or talk with and then obtain limited information contingent on Defendants' investigation and approval. Conversely, Defendants' proposal sets no such constraint on themselves. They have unilateral access to uniquely identifying information for witnesses and do not need to disclose the timing or focus of their investigation to Plaintiff. This lopsided approach to discovery is not how civil litigation works. *See Williams v. City of Chicago*, No. 22 C 1084, 2022 WL 10105656, at *9 (N.D. Ill. Oct. 17, 2022) (opining that a procedure that requires a plaintiff to reveal to an adversary which witness plaintiff's attorney is focused on provides a "road map" of the attorney's "intentions and

priorities" which does not "facilitate discovery, and plainly violates the attorney work-product doctrine," resulting in a "demoralizing impact on the legal profession." "In short, requiring a litigant to drop breadcrumbs about what witnesses a litigant's attorney has deemed worthy of interview and investigation . . . is too close to the kind of piggybacking and invasion into attorney thought process that the Supreme Court prohibited in *Hickman* [*v. Taylor,* 329 U.S. 495 (1947)] and that federal courts including this one have eschewed ever since."). Plaintiff should not be required to assist in Defendants' defense by disclosing Plaintiff's investigative plans, or be hampered by Defendants' potentially flawed investigation in order to investigate facts in Plaintiff's case. This Court should not permit the redaction of already confidential documents.

Finally, Defendants' modified definition of "Confidential Information" adds overbroad and vague categories to the definition of "Confidential Information"—seeking protection for all "employment, disciplinary, or other information that is of a sensitive or non-public nature" regarding all parties and non-parties to the case. Exhibit 3 (Defendants' Proposed Confidentiality Protective Order) at ¶ 2. Such a broad definition—including any "other information" of a "sensitive or non-public nature"— improperly affords Defendants virtually unlimited discretion to make subjective determinations about confidentiality—directly contrary to the careful, specific, and objective definition of Confidential Information provided in the Model Order. Defendants lack good cause for such a proposal.

### III. This Court should allow designation of confidential documents from prior cases.

Despite their disagreements, the parties have been able in the Guevara cases to agree on a provision that enables them to produce documents in this case that have been produced as
11

confidential in recent civil cases against Defendant Guevara and the City.[5] Exhibit 2 (Plaintiff's Proposed Confidentiality Order) at ¶ 12(d); Exhibit 3 (Defendants' Proposed Confidentiality Protective Order) at ¶ 13(d). The parties have jointly requested entry of this same provision in other recent Guevara wrongful conviction cases. This agreed provision would allow the parties to avoid duplicative productions and reduce unnecessary litigation costs; thus, good cause exists for its entry.

## CONCLUSION

For the foregoing reasons, this Court should enter Exhibit 2—the Model Order (1) with the CR file protections that Defendants have requested in other cases; (2) with the provisions providing for the production of documents from other *Guevara* cases that both parties have requested; (3) excluding Defendants' request to redact information from confidential files; and (4) excluding Defendants' proposed language giving Defendants unilateral discretion to identify what materials are confidential.

**DATED: January 29, 2024**　　　　　　　　RESPECTFULLY SUBMITTED,

　　　　　　　　　　　　　　　　　　　　　　**JOHN MARTINEZ**

　　　　　　　　　　　　　　　　　　　　　　By: /s/ Steve Art
　　　　　　　　　　　　　　　　　　　　　　*One of Plaintiff's Attorneys*

---

[5] The agreed stipulation allows production of documents that have been produced as confidential in: *Rivera v. Guevara*, No. 12-cv-4428 (N.D. Ill.); *Montanez v. Guevara*, No. 17-cv-04560 (N.D. Ill.); *Bouto v. Guevara*, No. 19-cv-02441 (N.D. Ill.); *Gomez v. Guevara*, No. 18-cv-03335 (N.D. Ill.); *Iglesias v. Guevara*, No. 19-cv-06508 (N.D. Ill.); *Johnson v. Guevara*, No. 20-cv-04156 (N.D. Ill.); *DeLeon-Reyes v. Guevara*, No. 18-cv-01028 (N.D. Ill.); *Rodriguez v. Guevara*, No. 18-cv-07951 (N.D. Ill.); *Sierra v. Guevara*, No. 18-cv-03029 (N.D. Ill.); *Maysonet v. Guevara*, No. 18-cv-02342 (N.D. Ill.); *Solache v. Guevara*, No. 18-cv-02312 (N.D. Ill.); *Johnson v. Guevara*, No. 05-cv-1042 (N.D. Ill.); and *Serrano v. Guevara*, No. 17-cv-2869 (N.D. Ill.).

Jon Loevy  
Anand Swaminathan  
Steve Art  
Sean Starr  
Annie Prossnitz  
LOEVY & LOEVY  
311 N. Aberdeen  
Chicago, Illinois 60607  
(312) 243-5900  
steve@loevy.com

## CERTIFICATE OF SERVICE

I, Steve Art, an attorney, hereby certify that on January 29, 2024, I caused the foregoing motion to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Steve Art
*One of Plaintiff's Attorneys*
