IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MARTINEZ, | ) | |
| | ) | Case No. 23-cv-01741 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Durkin |
| v. | ) | |
| | ) | |
| REYNALDO GUEVARA, et. al. | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**OPPOSED MOTION FOR EXTENSION OF THE FACT DISCOVERY DEADLINE**

Defendants Reynaldo Guevara, Hector Vergara, Randy Troche, Edward Mingey, Geri Lynn as special representative for Ernest Halvorsen (deceased) and Joseph Mohan (deceased), Kevin Rogers as special representative for Francis Cappitelli (deceased), and the City of Chicago, by their undersigned attorneys, move this Court under Federal Rule of Civil Procedure 16(b)(4) for entry of an order extending the fact discovery deadline by nine months, to November 24, 2024, and in support state:

1. Plaintiff John Martinez, along with his criminal co-defendants Jose Tinajero and Thomas Kelly, was arrested, prosecuted, and convicted for the 1998 first-degree murder of Daniel Garcia, who was severely beaten in an alley that put him in a coma for two months before succumbing to his wounds and dying. (*See* Am. Compl., Dkt. 70, ¶¶ 1–2, 27–28, 59, 63, 77, 84.) On January 17, 2023, the Cook County State's Attorney's Office ("CCSAO") vacated his conviction, and on February 9, 2023, the CCSAO moved for *nolle prosequi* of the charges. (*Id.* at ¶ 94.)

2. Plaintiff then filed a 12-count complaint against six former Chicago Police Department officers and a former CCSAO prosecutor claiming, among other things, that

1

Defendants withheld exculpatory evidence in violation of *Brady*, fabricated witness testimony, and conducted unduly suggestive identification procedures in violation of his Fourteenth Amendment due process rights; fabricated and coerced Marintez's confession in violation of his Fifth and Fourteenth Amendment rights; and unlawfully detained and maliciously prosecuted Plaintiff in violation of his Fourth Amendment rights. (*See generally id.* at ¶¶ 128–53.) Plaintiff also brought a *Monell* claim against the City of Chicago and a string of state law and derivative claims against the Individual Defendants. (*See generally id.* at ¶¶ 154–206.)

3. Pursuant to this Court's June 15, 2023, order, fact discovery is set to close on February 23, 2024. (Minute Entry, Dkt. 40.)

4. Since the Court's June 15 order, Defendants have worked diligently on discovery but have encountered several obstacles to completing discovery by the currently set February 27 close date. Indeed, the parties have had to devote significant time to the process of gathering the documents necessary for oral discovery to commence. Both the progress and outstanding discovery to be completed are detailed below.

***Protective Orders.***

5. The parties have had to brief two separate disputes pertaining to protective orders. First, this Court entered a Medical and Mental Health Protective Order pursuant to HIPPA and other statutory authority on December 11, (Minute Entry, Dkt. 114), after the parties fully briefed the issue. (9/18/23 Pl. Mtn. for HIPPA PO, Dkt. 96; 10/11/23 Defs. Resp., Dkt. 100; 10/27/23 Pl. Reply, Dkt. 108.) As discussed below, since this order, Plaintiff has disclosed his medical and mental information, and Defendants have issued subpoenas to his providers.

6. Additionally, Plaintiff filed a motion for entry of a Confidentiality Order on January 29, 2024. (1/29/24 Pl. Mtn. for CO.) This Court has since set a briefing schedule with

2

the Defendants' response due February 19 and Plaintiff's reply due March 4. (1/29/24 Minute Entry, Dkt. 126.)

### *Written discovery.*

7. Written discovery remains ongoing. The parties issued and responded to their respective written discovery requests as discussed during the August 23 and October 24, 2023, status hearings. (*See* Minute Entries, Dkts. 89, 107.)

8. On November 27, 2023, Defendants sent Plaintiff a deficiency letter pursuant to Local Rule 37.2 that identified issues with Plaintiff's answers to several interrogatory requests and requests for production. After several follow-ups by Defendants, Plaintiff supplemented his interrogatory answers requesting information about his mental and medical health but did not address Defendants' remaining concerns. Eventually, after additional follow-ups, the parties conferred telephonically on February 7, 2024.

9. During the February 7 conference, Plaintiff's Counsel agreed to supplement certain responses and informed Defendants that she may supplement additional responses after conferring with the rest of Plaintiff's litigation team. The parties, however, are at an impasse over certain requests, and Defendants anticipate motion practice. To streamline the issues for the Court and avoid piecemeal discovery motions, Defendants are awaiting Plaintiff's response on the outstanding discovery items so that they may file a single motion addressing all discovery issues with Plaintiff to date. Some of the disputes require resolution prior to oral discovery commencing. For instance, one of the disputed items is requests seeking the factual basis for each claim against each defendant, information which Defendants are entitled to have prior to sitting for a deposition.

10. The parties have also been working through Plaintiff's discovery requests. On January 16, 2024, Plaintiff sent Defendants a letter pursuant to Local Rule 37.2 regarding Defendant Officer's discovery responses, which will require further discovery conferences.

*Initial disclosures/requests for production.*

11. The parties have disclosed scores of documents. Defendants have disclosed just under 28,000 pages of records, which, as indexed in their initial disclosures, includes the CPD investigative and records division file, photographs from the underlying incident, criminal history records of Plaintiff, and the Circuit Court of Cook County files on criminal cases involving the criminal defendants/suspects. Conversely, Plaintiff disclosed just under 23,000 pages of records, none of which were labeled in any way, nor did Plaintiff point Defendants to specific documents in response to Defendants' request for production, thus requiring Defendants to diligently sift through an extensive document production.

*Subpoenas requests.*

12. Defendants have issued fifteen record subpoenas to various entities. Thus far, Defendants have received and disclosed approximately 33,000 pages of records in response to these subpoena requests. Defendants have received responses from (1) the Cook County Department of Corrections, (2) the Cook County Public Defenders, (3) John DeLeon, Plaintiff's criminal defense trial attorney, (4) the Law Offices of Dennis Giovanni, who represented Thomas Kelly, (5) the Cook County Department of Corrections, (6) the Illinois Department of Corrections ("IDOC") Cermak unit related to Plaintiff's medical and mental health records while incarcerated, and (7) the State Appellate Defenders.

13. Defendants have also received partial responses from (8) IDOC Intel related to Plaintiff's video and phone *logs*, (9) IDOC Graham Correctional Facility related to Plaintiff's incarceration records (except for mental and medical health records), and (10) the Exoneration

4

Project ("EP") file on their representation of Plaintiff. Defendants are conferring with these respective entities about deficiencies in their subpoena responses and (except for the EP) anticipate full compliance without necessitating motion practice. Defendants are conferring with the EP over production of certain withheld documents that *may* require motion practice.

14. Defendants are awaiting responses to outstanding subpoenas to (11) the Law Offices of Lawrence Sommers, who represented Jose Tinajero. Counsel for the undersigned Defendant Officers, Kyle Christie, has communicated with Sommers and anticipates receiving a formal response soon. Defendants are also awaiting responses to subpoenas to (12) Steven Decker, Plaintiff's appellate defender, (13) St. Mary's Hospital, and (14) University of Illinois Hospital. Finally, (15) Defendants subpoenaed the CCSAO who has made a blanket assertion of privilege over the file. Defendants have filed a motion to compel the CCSAO to respond after reaching an impasse. (Defs. Mtn. to Compel. CCSAO, Dkt. 128.) This Court has entered a briefing schedule and the motion is set to be fully briefed by March 14, 2024. (Dkt. 129.)

15. Further, Defendants are in discussions with counsel for Tinajero and Kelly about subpoenas for their IDOC records, which have not been issued. Defendants also anticipate issuing additional subpoenas to IDOC Intel for video and phone call *recordings*, and subpoenas to Plaintiff's pre-and-post-incarceration employers. Defendants, however, must await responses to previously issued discovery requests to obtain necessary information before issuing these subpoenas. Defendants will also be requesting Plaintiff's Chicago Public School and juvenile court and law enforcement records, but these requests will likely necessitate motion practice as the parties are nearing an impasse over the relevancy of this discovery.

***Depositions.***

16. The parties have not commenced depositions both because of several discovery disputes and because of outstanding documents. On January 29, 2024, after fully briefing the issue, this Court granted in part and denied in part Plaintiff's Motion to Compel Defendants to Proceed with Third Party Depositions. (1/29/24 Minute Entry, Dkt. 124).

17. Second, Defendants are awaiting record subpoena responses, specifically from the CCSAO—discussed in more detail in Defendants' motion to compel—that pertain to critical records needed to assess Plaintiff's claims and proceed with oral discovery including records to help refresh the recollection of Defendants and witnesses, such as CPD officer GPRs documenting investigative steps, CCSAO felony review notes, and CCSAO investigative notes documenting interviews with witnesses. After this issue is resolved, Defendants liberally estimate that the parties will collectively take approximately 30-35 depositions, including of the four living individual Defendants, Plaintiff and his two codefendants, the criminal defense trial and post-conviction attorneys, the non-Defendants officers that participated in the Garcia homicide investigation, the non-Defendant CCSAO felony review and trial prosecutors, the three testifying (and living) incident witnesses, and Plaintiff's alibi and damages witnesses.

18. In addition to the above-mentioned obstacles that have slowed the progress of fact discovery—namely, resolving disputes between the parties over written and oral discovery and compelling the CCSAO to comply with Defendants' subpoena request—Defendants foresee an additional obstacle that they believe the Court should be apprised of. On January 31, 2024, the CCSAO vacated and *nolle prossed* the convictions of Tinajero and Kelly for the first-degree murder of Garcia. The undersigned, Kyle Christie, communicated with Tinajero's and Kelly's post-conviction counsel, Joel Flaxman of Kenneth N. Flaxman, P.C., and Gregory Swygert of the Center on Wrongful Convictions, respectfully. Flaxman indicated that Tinajero would be filing a

lawsuit but did not yet know when he will file the lawsuit, while Swygert indicated that Kelly is very likely to file suit too, but he is not involved on the civil side of these matters, so he could not say for certain.

19. This foreseeable issue will complicate discovery, at least in the short term, because it risks the possibility of duplicating the enormous amount of discovery mentioned above, specifically regarding the depositions of parties and witnesses. This issue is especially concerning for the key witnesses, who testified decades ago against members of the Latin Kings street gang in a first-degree murder case, now potentially having to sit for multiple depositions over the same issues because of procedural hiccups. Of course, avoiding this issue depends on when Tinajero and Kelly file their suits, as the cases could be consolidated under Federal Rule of Civil Procedure 42 and discovery streamlined. Currently, this resolution is out of the parties and Court's control. However, additional time for the parties and counsel for Tinajero and Kelly to hash this out to avoid these obviously foreseeable consequences is not only reasonable but in line with the core principle of the Federal Rules of Civil Procedure, which is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added).

20. Defendants have conferred with Plaintiff over the issue of extending fact discovery by exchanging several emails and conferring over the phone with Plaintiff's counsel on February 7, 2023. Plaintiff's counsel agrees that a fact discovery extension is necessary, but the parties are at an impasse over how much time is needed to complete fact discovery.

21. Plaintiff proposes an extension to May 31, 2024, which is slightly over three months. But Plaintiff's proposal is unreasonable given the several current and foreseeable obstacles the parties must overcome and the significant discovery that needs to be completed,

7

including the numerous depositions. Notably, Defendants' motion to compel the CCSAO to produce their file will not even be fully briefed until mid-March and the records sought in that motion are both voluminous and necessary for oral discovery to commence. In addition, while Plaintiff and his counsel have been litigating his criminal conviction for years, Defendants have only begun investigating this case since the lawsuits were filed. Accordingly, Defendants request for a nine-month extension sets forth a reasonable timeline to complete the necessary fact discovery.

22. Furthermore, this is the first request for a fact discovery extension, and it is not being made for the purposes of causing undue delay, nor will it result in prejudice to any party as both parties equally need the outstanding discovery to fully evaluate and develop their claims and defenses.

WHEREFORE, Defendants respectfully request that their motion be granted and fact discovery be extended to November 27, 2024.

Dated: February 16, 2024                    Respectfully submitted,

/s/ Austin Rahe                              /s/ Kyle T. Christie
AUSTIN RAHE, Attorney No. 6317608            KYLE T. CHRISTIE, Atty. No. 6335693
*One of the Attorneys for City of Chicago*   *Special Assistant Corporation Counsel for Defendants Vergara, Troche, Mingey, and Special Representatives Yanow and Rogers*

Catherine M. Barber
Eileen E. Rosen                              James G. Sotos
Andrew J. Grill                              Josh M. Engquist
Austin G. Rahe                               Laura M. Ranum
Theresa B. Carney                            Allison L. Romelfanger
Jessica Zehner                               Kyle T. Christie
Lauren M. Ferrise                            Maurice C. Hunt
Rock, Fusco & Connelly                       THE SOTOS LAW FIRM, P.C.
333 West Wacker Drive, 19th Floor            141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60606                            Chicago, IL 60604
P: (312) 494-1000                            P: (630) 735-3300
arahe@rfclaw.com                             kchristie@jsotoslaw.com

8

/s/ Misha Itchhaporia
MISHA ITCHHAPORIA, Attorney No. 6292695
*One of the Attornesy for Reynaldo Guevara*
Steven B. Borkan
Timothy P. Scahill
Graham P. Miller
Emily E. Schnidt
Molly Boekeloo
Whitney Hutchinson
Mischa Itchhaporia
Katheryn E. Boyle
Borkan & Scahill
20 S. Clark Street, Suite 1700
Chicago, IL 60603
P: (312)-580-1030
mitchhaporia@borkanscahill.com

9

**CERTIFICATE OF SERVICE**

       I, hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on February 16, 2024, I electronically filed the forgoing **Defendant's Opposed Motion for Extension of the Fact Discovery Deadline** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list.

***Attorneys for Plaintiff:***
Anand Swaminathan (anand@loevy.com)
Annie D. Prossnitz (prossnitz@loevy.com)
Arthur R. Loevy (arthur@loevy.com)
Jonathan I. Loevy (jon@loevy.com)
Sean Starr (sean@loevy.com)
Steven E. Edwards (steve@loevy.com)
Loevy & Loevy
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
P: (312)243-5900

***Attorneys for the City of Chicago***
Eileen E. Rosen (erosen@rfclaw.com)
Andrew J. Grill (agrill@rfclaw.com)
Austin G. Rahe (arahe@rfclaw.com)
Catherine M. Barber (cbarber@rfclaw.com)
Jessica Zehner (jzehner@rfclaw.com)
Lauren M. Ferrise (lferrise@rfclaw.com)
Theresa B. Carney (tcarney@rfclaw.com)
Rock, Fusco & Connelly
333 West Wacker Drive, 19th Floor
Chicago, IL 60606
P: (312) 494-1000

***Attorneys for Reynaldo Guevara***
Steven B. Borkan (Sborkan@borkanscahill.com)
Timothy P. Scahill (tscahill@borkanscahill.com)
Graham P. Miller (gmiller@borkanscahill.com)
Emily E. Schnidt (eschnidt@borkanscahill.com)
Molly Boekeloo (mboekeloo@borkanscahill.com)
Whitney Hutchinson (whutchinson@borkanscahill.com)
Mischa Itchhaporia (mitchhaporia@borkanscahill.com)
Kathryn E. Boyle (kboyle@borkanscahill.com)
Borkan & Scahill
20 S. Clark Street, Suite 1700
Chicago, IL 60603
P: (312)-580-1030

***Attorneys for Cook County***
Kelli Huntsman (kelli.huntsman@cookcountyil.gov)
Cook County State's Attorney's Office
Civil Actions Bureau-Affirmative & Complex Litigation
500 Richard J. Daley Center
50 W. Washington, Room 500
Chicago, IL 60602
P: (312)-603-3151

***Attorneys for Jake Rubenstein:***
Kenneth M. Battle (kbattle@mokblaw.com)
Michele J. Braun (mbraun@mokblaw.com)
O'Connor & Battle, LLP
111 W. Jackson Blvd, Suite 1700
Chicago, IL 60604
P: (312) 786-4600

                                                /s/ Kyle T. Christie
                                                KYLE T. CHRISTIE, Atty. No.  6335693