IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN MARTINEZ, | ) |
| *Plaintiff*, | ) Case No. 23 C 01741 |
| v. | ) Hon. Judge Thomas M. Durkin<br>) District Judge |
| REYNALDO GUEVARA, *et al.*, | ) |
| *Defendants*. | ) |

**CITY DEFENDANTS' MOTION FOR LEAVE TO CITE
SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR RESPONSE TO
PLAINTIFF'S MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Defendants, City of Chicago, Reynaldo Guevara, Hector Vergara, Randy Troche, Edward Mingey, Geri Lynn Yanow, as special representative for Ernest Halvorsen and Joseph Mohan, both deceased, and Kevin Rogers, as special representative for Francis Cappitelli, deceased (collectively referred to herein as "City Defendants"), by their respective undersigned attorneys, respectfully move this Honorable Court for leave to file supplemental authority in support of City Defendants' Joint Response to Plaintiff's Motion for Entry of a Protective Order. (Dkt. 132). In support thereof, the City Defendants state as follows:

1. On January 29, 2024, Plaintiff filed his opposed Motion for Entry of a Protective Order, and Defendants responded on February 20, 2024. (Motion at Dkt. 125, Response at Dkt. 132).

2. Nearly identical briefings occurred in two other Guevara cases almost simultaneously to the protective order briefing in this case, in *Rivera v. Guevara,* 23-CV-1743, and *Rodriguez v. Guevara,* 22-CV-6141.[1]

3. In the parties' briefs in this case (as well as in *Rivera* and *Rodriguez)* there are two outstanding issues: (A) the definition of "Confidential Information" in paragraph 2(h) of Defendants' proposed confidentiality order; and (B) redactions of personal identifying information in paragraph 6 of Defendants' proposed confidentiality order.

4. On February 28, 2024, Magistrate Judge Sunil R. Harjani denied Plaintiff's Motion for the Entry of a Protective Order in *Rivera* and *Rodriguez* and found (A) that there was "good cause to protect sensitive employment and disciplinary action information to prevent reputational harm and privacy concerns, and [Defendants'] proposed confidentiality order included a safeguard to challenge the confidentiality assertion on a case-by-case basis" and thus included Defendants' proposed paragraph 2(h) which includes language seeking protection for employment, disciplinary, or other information that is of a sensitive or non-public nature, and (B) that paragraph 6 of Defendants' proposed order allowing for the redaction of personal identifying information is "necessary and appropriate to safeguard information such as social security numbers or family member names as they [have] no relevance to the underlying issues, and Defendants are willing to meet and confer if personal identifying information [is] needed to locate potential witnesses." (*Rivera* Dkt. 94, *Rodriguez* Dkt. 131, attached hereto as Exhibits A and B).

5. Because Judge Harjani's rulings in *Rivera* and *Rodriguez* directly address the same issues raised in Plaintiff's Motion in this case, the City respectfully requests this Court consider the attached rulings as additional authority.

---

[1] Plaintiff here is represented by the same counsel that represents Rivera and Rodriguez.

WHEREFORE, Defendants respectfully request this Honorable Court grant their Motion for Leave to Cite Supplemental Authority in Support of Their Response to Plaintiff's Motion for Entry of Protective Order, specifically Judge Harjani's Orders in *Rivera* and *Rodriguez*, and deny Plaintiff's Motion for Protective Order, as well as any other relief this Court deems just and reasonable.

Dated: March 5, 2024                                Respectfully Submitted,

*/s/ Eileen E. Rosen*
*Special Assistant Corporation Counsel*
*for Defendant City of Chicago*

Eileen E. Rosen
Theresa Berousek Carney
Austin G. Rahe
Catherine M. Barber
Lauren M. Ferrise
ROCK FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Floor
Chicago, IL 60606
(312) 494-1000
erosen@rfclaw.com

3