IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-01741 |
| | ) | |
| v. | ) | Honorable Thomas M. Durkin |
| | ) | |
| REYNALDO GUEVARA, et al., | ) | Honorable Magistrate Sheila M. Finnegan |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION FOR
REASSIGNMENT BASED ON RELATEDNESS AND FOR CONSOLIDATION FOR
PURPOSES OF DISCOVERY AND DISPOSITIVE MOTION PRACTICE**

Defendants, through their undersigned counsel, and pursuant to Local Rule 40.4 and Federal Rule of Civil Procedure 42, move for reassignment of *Jose Tinajero v. City of Chicago, et al.,* No. 24-cv-01598 (N.D. Ill.), pending before Judge John F. Kness, and for consolidation (for discovery and dispositive motion practice) with this case. In support of this motion, Defendants state as follows:

**INTRODUCTION**

*Martinez* and *Tinajero* are virtually-identical lawsuits but filed by two sets of attorneys and assigned to two separate judges. Both cases involve the same issues of fact and law and arise from the same occurrence – the Plaintiffs' arrests for the 1998-murder of Daniel Garcia, their subsequent prosecutions and convictions in relation to that murder, and the vacating of their convictions. (*See* Exhibit A, *Martinez* First Amended Complaint; Exhibit B, *Tinajero* Complaint.) Both Plaintiffs have named the same parties as Defendants, seven former Chicago police officers, one former Cook County Assistant State's Attorney ("ASA"), the City of Chicago, and Cook County. Martinez's suit was filed eleven months before Tinajero filed suit. The parties in

1

*Martinez* are still engaged in written discovery, and discovery in *Tinajero* has not yet commenced.

Defendants now move pursuant to Local Rule ("LR") 40.4, for reassignment of the *Tinajero* case to this Court because it is related to *Martinez* under LR 40.4(a) and meets each condition for reassignment under LR 40.4(b). Reassignment will not cause substantial delay, will avoid wasteful overlap, will result in a significant saving of the Court's and parties' time, effort, and resources, and the cases are susceptible to disposition in a single proceeding. Defendants also move to consolidate these cases for the purposes of discovery and summary judgment pursuant to Fed. R. Civ. P. 42(a).[1] Plaintiff Tinajero's counsel does not object to the filing of this motion. However, Plaintiff Martinez's counsel does object to consolidation on the ground that he contends it will delay his case. For the reasons set forth below, reassignment and consolidation of these related cases is warranted.

## FACTUAL BACKGROUND

Plaintiffs in *Martinez* and *Tinajero* each allege a common core of facts: (1) on October 12, 1998, Daniel Garcia was found severely beaten in a Chicago alley near the intersection of Armitage and Whipple; (2) on December 10, 1998, Garcia died of his injuries; (3) on February 7, 1999, both Plaintiffs were arrested and questioned about Garcia's murder; (4) both Plaintiffs were then charged with the murder based on their own inculpatory statements and identifications from multiple eyewitnesses; (5) Plaintiffs and a third individual (Thomas Kelly) were tried together and convicted of murder in 2001; (6) both Plaintiffs spent over twenty years in prison; (7) the Circuit Court of Cook County later vacated both Plaintiffs' convictions and the State

---

[1] At this early stage, Defendants move to consolidate the cases through summary judgment only but reserve the right to later seek that the cases be consolidated for trial.

agreed to dismiss all charges against them. (*See* Ex. A, ¶¶ 1, 9, 25-28, 32, 36, 43, 44, 54, 55, 59, 61, 63, 74, 75, 77, 79, 80, 84, 94; Ex. B, ¶¶ 3, 5, 18, 20, 23, 25, 26, 29, 30, 31.)

The factual allegations that both Plaintiffs allege against the Defendants are also almost exactly the same, in form and substance. They allege: (1) all Individual Defendants coerced them into making false inculpatory statements; (2) all Individual Defendants coerced and/or fabricated witness identifications from eyewitnesses Esteban Rodriguez, Jesus Fuentes, Margarita Casiano, and Melloney Parker; (3) the Police Officer Defendants fabricated police reports; (4) the Police Officer Defendants withheld and/or suppressed exculpatory evidence from prosecutors, Plaintiffs, and Plaintiffs' criminal defense attorneys; (5) a *Monell* claim against the City of Chicago that it failed to adequately train, supervise, and discipline its police officers, and that the Chicago Police Department had a code of silence; (6) the City of Chicago's official policies and practices were the moving force behind the Police Officer Defendants' alleged misconduct; and (7) as a result of the alleged misconduct, Plaintiffs have suffered similar damages (loss of liberty, emotional and psychological damages, etc.). (*See* Ex. A, ¶¶ 2, 3, 11, 21, 30, 31, 33, 37, 39, 40, 45, 46, 49, 62, 78, 87, 88, 91, 92, 96, 100, 108, 112-117, 127, 130, 133, 140-143, 168; Ex. B, ¶¶ 2, 4, 14, 18-21, 27, 32-39, 47.)

Based on those allegations, both Plaintiffs bring claims pursuant to 42 U.S.C. § 1983 for violations of the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, and Illinois state law claims for malicious prosecution. (*See* Ex. A, Counts I-XII; Ex. B, ¶¶ 11, 13, 51, 52.) Both Plaintiffs allege indemnification and policy and practice claims against the City of Chicago. (Ex. A, Counts VI, XII; Ex. B, ¶¶ 4, 11, 32.) Both Plaintiffs allege indemnification claims against Cook County. (Ex. A, Count XII; Ex. B, ¶ 13.) And both Plaintiffs have sued the same Individual Defendants: former Chicago police officers Reynaldo Guevara, Ernest Halvorsen (deceased),

3

Hector Vergara, Joseph Mohan (deceased), Randy Troche, Francis Cappitelli (deceased), and Edward Mingey, and former Cook County ASA Jake Rubinstein. (Ex. A, ¶¶ 16-21; Ex. B, ¶¶ 8-10.) The same attorneys represent the City of Chicago, Cook County, and all of the Individual Defendants in both cases.

## PROCEDURAL HISTORY

Plaintiff Martinez filed his original Complaint on March 21, 2023. (*See* Exhibit C, *Martinez* Docket, Dkt. 1.) On August 3, he filed his First Amended Complaint. (*Id*. at Dkt. 70.) The fact discovery deadline in *Martinez* is currently set for October 31, 2024. (*Id*. at Dkt. 133.) The parties in *Martinez* have engaged in written discovery, but have not yet taken any depositions. Plaintiff Tinajero filed his Complaint on February 26, 2024. (*See* Exhibit D, *Tinajero* Docket, Dkt. 1.) To date, no responsive pleadings have been filed and no discovery deadlines have been set. (*Id*.) Defendant Rubinstein's responsive pleading is due on May 13, 2024, and the other Defendants' responsive pleadings are due on May 29, 2024. (*Id*. at Dkt. 7, 52.)

All counsel have conferred on this motion. Defendants and Plaintiff Tinajero agree to this motion. Plaintiff Martinez objects to the motion's request for consolidation. During a conference held on April 16, 2024, counsel for Martinez stated that it is his position that his case has progressed to the point that consolidation with Tinajero's case would delay the proceedings. Defendants disagree that delay would ensue. In accordance with this Court's standing orders, the parties have conferred and propose the following agreed briefing schedule: Plaintiff Martinez would like 14 days to file his Response; Defendants would like 14 days to file their Reply.

4

**LEGAL STANDARD**

Local Rule 40.4, entitled "Related Cases, Reassignment of Cases as Related," provides, in relevant part:

(a) Definitions. Two or more civil cases may be related if one or more of the following conditions are met:

(1) the cases involve the same property;

(2) the cases involve some of the same issues of fact or law;

(3) the cases grow out of the same transaction or occurrence; or

(4) in class action suits, one or more of the classes involved in the case is or are the same.

(b) Conditions for Reassignment. A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

This Local Rule "promotes efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common." *Garner v. Country Club Hills*, No. 11-cv-5164, 2012 WL 1900020, *1 (N.D. Ill. May 23, 2012) (Dow, J.).

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "This Rule is designed to give the court broad

5

discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Palomares v. Second Fed. Sav. & Loan Ass'n of Chicago*, No. 10-cv-6124, 2010 WL 4672295, *2 (N.D. Ill. Nov. 9, 2010) (Coleman, J.).

A district court possesses "broad discretion" in deciding whether to consolidate cases for discovery and trial. *See Am. Photocopy Equip. Co v. Fair (Inc.)*, 35 F.R.D. 236, 237 (N.D. Ill. 1963). "In exercising that discretion, a court should consider whether the proposed consolidation would promote convenience and judicial economy, and whether it would cause prejudice to any party." *Sylverne v. Data Search N.Y., Inc.*, No. 08-cv-0031, 2008 WL 4686163, *1 (N.D. Ill. May 28, 2008) (internal citation omitted). "Efficiency interests provide the first, and strongest, basis for consolidation." *Washington v. Boudreau*, No. 16-cv-1970, 2023 WL 184239, *3 (N.D. Ill. Jan. 13, 2023) (Kness, J.). Consolidation can also be ordered when there is a risk of inconsistent rulings. *Westfield Ins. Co. v. Indem. Ins. Co. of N. Am.*, No. 16-cv-3298, 2017 WL 7803767, *2 (C.D. Ill. Mar. 7, 2017).

"The Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap." *Blocker v. City of Chicago*, No. 09-cv-7052, 2011 WL 1004137, *2 (N.D. Ill. Mar. 16, 2011) (Coleman, J.) (citing *Blair v. Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single Judge"); *see also Smith v. Check-N-Go of Ill., Inc.*, 200 F.3d 511, 513 n. * (7th Cir. 1999) (criticizing district court for allowing numerous related lawsuits to proceed along different tracks before different judges).

6

**ARGUMENT**

I. **The Two Cases Meet the Definition and Conditions for Reassignment As Related Cases Under Local Rule 40.4.**

Local Rule 40.4(a) defines cases as "related" if the two cases "involve some of the same issues of fact or law," or they "grow out of the same transaction or occurrence." *See* LR 40.4(a)(2) and (3). LR 40.4(b) sets forth the four conditions for reassignment. Each are met in this case. Both matters are pending in this District, reassignment will promote judicial economy, each is at an early stage (no depositions have been taken in *Martinez*), reassignment would not substantially delay either action, and the cases are susceptible to disposition in a single proceeding. *See Garner*, 2012 WL 1900020 at *2.

Here, *Martinez* and *Tinajero* Plaintiffs bring nearly identical legal claims against the same Defendants, who are represented by the same groups of attorneys, based on nearly-identical factual allegations, all arising out of the same murder investigation and subsequent criminal prosecutions. Under such circumstances, any minor variations between the two cases do not defeat the fact that the cases are clearly "related." *See Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00-cv-4623, 2008 WL 1848142, *3 (N.D. Ill. Apr. 24, 2008) (Kocoras, J.) ("[T]wo cases need not be absolutely identical to be relate for purposes of LR 40.4"). Plaintiff Tinajero does not object to reassignment of his case before this Court.

Further, as explained below, these cases should be consolidated for purposes of discovery and dispositive motion practice.

II. **Consolidation For Purposes Of Discovery And Dispositive Motion Practice Is Proper Because These Related Cases Share Common Questions Of Law And Fact That Predominate Both Cases.**

Judicial economy is undoubtedly best served here by consolidation. As a starting point, the same attorneys represent all Defendants in both cases. *See Robbins v. Pepsi-Cola Metro.*

7

*Bottling Co.*, No. 84-cv-170,1985 WL 5130, *3 (N.D. Ill. Dec. 26, 1985) ("The two cases presently before the court, *Robbins* and *Central States*, not only involve the same parties, they also are being handled by the same counsel. Common sense and principles of judicial economy dictate that they should be consolidated for purposes of discovery and trial").

Moreover, as demonstrated by a brief consideration of the cases' reasonably foreseeable litigation paths, reassignment and consolidation will achieve substantial judicial efficiencies at every step. For instance, both *Martinez* and *Tinajero* Plaintiffs bring due process claims based on fabrication of evidence, withholding exculpatory evidence, and unduly suggestive witness identifications. (*See* Ex. A, ¶¶ 49, 40, 45, 49, 56, 130; Ex. B, ¶¶ 18-21.) If the two cases proceed before different judges, Plaintiffs' identical claims will be subject to the same duplicative—and extensive—discovery in both cases with the potential for diverging conclusions at summary judgment. Accordingly, a single resolution of these issues by one court will provide consistency and result in substantial savings of time and effort during fact discovery, expert discovery, and summary judgment briefing.

To be sure, the substantial saving of time and resources in discovery that reassignment and consolidation would provide cannot be understated. Because of the nearly-identical legal and factual bases underlying the lawsuits, discovery will involve the same issues and disputes, such as production of sensitive documents, *Monell* and Fed. R. Evid. 404(b) witnesses, and other disputes typical in police-related litigation generally and reversed-conviction litigation specifically. The parties in both cases will be issuing subpoenas to the same third parties (Cook County State's Attorney's Office, Cook County Department of Corrections, Illinois Department of Corrections, etc.) for the same documents (police reports, witness statements, criminal files, criminal trial transcripts, etc.). Additionally, the parties in both cases will seek to depose the

8

same witnesses: Martinez, Tinajero, Thomas Kelly, Individual Defendants, third-party officers involved in the investigation, the eyewitnesses (Esteban Rodriguez, Jesus Fuentes, Margarita Casiano, and Melloney Parker), and the prosecutors who worked on their joint prosecution. *See River Vill. W. LLC v. Peoples Gas Light & Coke Co.*, No. 05-cv-2103, 2007 WL 541948, *2 (N.D. Ill. Feb. 14, 2007) (granting motion for reassignment and consolidation in part because "the same witnesses will likely be called for all three matters"). Further, reassignment and consolidation will help keep the cases on similar schedules and allow discovery to be streamlined by avoiding duplication of subpoenas and the burden of scheduling and conducting depositions of the same fact and expert witnesses on two separate occasions.

   Contrary to Martinez's concerns, consolidation will not cause prejudicial delay. To begin, the fact that the two cases are at different stages of discovery does not preclude consolidation, and may actually favor it. *See Fugate v. Martin*, No. 16-cv-63, 2019 WL 2088567, *3 (S.D. Ind. May 10, 2019) ("Moreover, the fact that discovery in one action has progressed further than another should not, standing alone, prevent consolidation and may, in fact, even favor it. Since the two actions share issues of law and fact, much of the discovery for one case should be applicable to the other action"); *Wolfe v. Hobson*, No. 18-cv-317, 2018 WL 6181404, *3 (S.D. Ind. Nov. 26, 2018) ("The court finds the differences Defendants raised concerning discovery stages between the two cases are not enough to prohibit consolidation"); *U.S. v. City of Chicago*, 385 F. Supp. 540, 543 (N.D. Ill. 1974) ("The fact that these three cases are not at the same stage of discovery is not fatal to consolidation"); *Gecht v. Guevara, et al.*, No. 23-cv-01742 (N.D. Ill.) (Maldonado, J.) (Dkt. 122) (granting motion to consolidate three reversed-conviction cases, *Gecht*, *Kwil* and *Hernandez*, despite the fact that *Hernandez* was still at the pleading stage, while written discovery was already complete in *Gecht* and *Kwil*) (*See* Group Exhibit E).

9

Indeed, the progress made to date in *Martinez* will avoid duplicative efforts in *Tinajero*. Because written discovery has already progressed in *Martinez*, written discovery in *Tinajero* will be expedited because it is largely the same body of documents that are at issue (police reports, witness statements, criminal transcripts, etc.). And, most critically, oral discovery has not yet commenced in either case, affording the parties the opportunity to take one set of near-identical depositions. Not only does this conserve the resources of counsel, but it reduces the burden of litigation on aging defendants and third-party witnesses who should only have to sit for seven rather than 14 hours of testimony.

After discovery concludes, substantial judicial savings will continue to be realized as the cases move to summary judgment on such foreseeable legal and factual issues as qualified immunity and probable cause, which will be resolved more efficiently and consistently in one proceeding with one judge. In similar circumstances, Judge Andersen granted a motion for reassignment and consolidation where:

> [G]iven the similarities among the three cases, it is clear that substantial judicial resources will be saved if the matters are consolidated. All three cases have essentially the same plaintiffs, identical defendants, the same legal theories, substantially similar factual theories, and involve the same Chicago River. Furthermore, the same witnesses will likely be called for all three matters.

*River Vill. W. LLC*, 2007 WL 541948 at *2. Without reassignment and consolidation, two federal district court judges will unnecessarily duplicate efforts by deciding nearly-identical legal and factual issues, warranting the relief sought here. *Pactiv Corp. v. Multisorb Tech., Inc*., No. 10-cv-461, 2011 WL 686813, *3, 5 (N.D. Ill. Feb. 15, 2011) (Leinenweber, J.) (consolidating two patent infringement cases for all purposes because "it would be a waste of judicial resources to have two judges presiding over two cases involving the same parties, attorneys, and allegedly infringing product").

Indeed, the cases "are susceptible of disposition in a single proceeding," and "consolidation will likely result in disposition of the cases in a single consistent proceeding." *River Vill. W. LLC* , 2007 WL 541948 at *2. As explained above, some or all of Plaintiffs' identical claims may be disposed of at the summary judgment stage of the proceedings. "[C]ommon issues of law and fact…can be resolved in a single proceeding even if some additional facts also have to be determined as to each individual plaintiff." *Anderson v. Cornejo*, 199 F.R.D. 228, 262 (N.D. Ill. 2000); *Brunner v. Jimmy John's LLC*, No. 14-cv-5509, 2016 WL 7232560, *1 (N.D. Ill. Jan. 14, 2016) (Kocoras, J.) (finding reassignment and consolidation warranted in case involving FLSA claims for unpaid overtime "based on highly similar allegations").

Here, each Complaint clearly indicates that Plaintiffs will likely be witnesses in each other's case, since they allege their interrogations and confessions were intertwined. (*See* Ex. A, ¶¶ 61, 74, 75; Ex. B, ¶ 18.) Similarly, most or all of the same Defendants, police officers, prosecutors, and other key witnesses and evidence will be the same for each Plaintiff's case, and since Plaintiffs bring virtually identical legal claims, each case will also involve the same legal issues. Consequently, even if each Plaintiff needs to adduce some unique evidence, the overwhelming bulk of the cases will be nearly identical. Moreover, the same attorneys will represent the City of Chicago, Cook County, and the Individual Defendants in both cases. *See Fairbanks Capital Corp*., 2002 WL 31655277 at *3 (finding the cases reasonably subject to disposition in a single proceeding due to, in part, the appearance of the same lawyers in all cases). In sum, reassignment and consolidation will save the court and the parties time, money, and effort.

11

The multiple benefits of consolidating the cases' complex and costly discovery and motions far outweigh the benefit, if any, to Martinez in having his individual claims litigated separately. *See Brunner*, 2016 WL 7232560 at *1; *Lamon v. Stephens*, No. 14-cv-1051, 2015 WL 1344371, *2 (S.D. Ill. Mar. 23, 2015) (granting motion for consolidation pursuant to Fed. R. Civ. P. 42 due to same allegations against same defendant based upon same time frame); *East v. Lake Cnty. Sheriff Dep't*, No. 14-cv-00058, 2014 WL 1414902, *2 (N.D. Ind. Apr. 14, 2014) (granting motion for consolidation pursuant to Fed. R. Civ. P. 42 in light of commonality of facts and issues of law).[2]

Most pertinent here, courts in this District have routinely granted motions for reassignment and consolidation in other similar reversed-conviction cases involving former co-defendants as plaintiffs. *See Washington*, 2023 WL 184239 at *3 (finding consolidation of reversed-conviction cases for trial was warranted given the considerable overlap in facts between both cases and the significant benefits to be gained by scheduling one trial); *Hendersen v. Boudreau*, No. 23-cv-4802 (N.D. Ill.) (Durkin, J.) (Dkt. 72) (minute entry order granting motion to consolidate reversed-conviction cases for all pretrial proceedings); *Abrego v. Guevara, et al.*, No. 23-cv-01740 (N.D. Ill.) (Seeger, J.) (Dkt. 114) (minute entry order granting motion to consolidate reversed-conviction cases for purposes of discovery); *Gecht v. Guevara, et al.*, No. 23-cv-01742 (N.D. Ill.) (Maldonado, J.) (Dkt. 109, 122) (minute entry orders granting motions to

---

[2] Defendants are not presently asking the Court to decide if the cases can be tried together, but only to consolidate them for all pretrial purposes and visit the question of trial at a future time. "[R]eassignment of cases as related does not inexorably lead to their consolidation *for all purposes*." *Fairbanks Capital Corp.*, 2002 WL 31655277 at *3 (emphasis added); *see also Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005) (provisionally consolidated five cases under LR 40.4, and later returning four to their original dockets after pretrial proceedings); *Garner*, 2012 WL 1900020 at *2-3 (recommending consolidation for discovery, even if it was not apparent consolidation would yield substantial judicial savings or that cases were susceptible of being disposed of in a single proceeding).

consolidate reversed-conviction cases for discovery and dispositive motion practice); *Mendoza v. Guevara*, et al., No. 23-cv-02441 (N.D. Ill.) (Durkin, J.) (Dkt. 50) (minute entry order granting consolidation over objection for discovery and dispositive motions); *Colon v. City of Chicago*, et al., No. 23-cv-16798 (N.D. Ill.) (Kennelly, J.) (Dkt. 56) (minute entry granting motion for reassignment based on relatedness in reversed-conviction cases); *DeLeon-Reyes v. Guevara*, et al., No. 18-cv-1028 (N.D. Ill.) (Wood, J.) (Dkt. 49) (minute entry order granting motion for reassignment based on relatedness in reversed-conviction cases); *Ezell v. City of Chicago, et al.*, No. 18-cv-1049 (N.D. Ill.) (Kendall, J.) (Dkt. 39) (minute entry order granting motion to consolidate reversed-conviction cases for the purposes of discovery and dispositive motions); *Almodovar v. Guevara, et al.*, No. 18-cv-02341 (N.D. Ill) (Gottschall, J.) (Dkt. 20) (minute entry order granting motion for reassignment based on relatedness and consolidating reversed-conviction cases for all pretrial proceedings); *Serrano v. Guevara, et al.*, No. 17-cv-02869 (N.D. Ill.) (Shah, J.) (Dkt. 48) (ordering reassignment and consolidation of reversed-conviction cases for all pretrial proceedings).[3] Plaintiff Martinez can point to no basis for why this case should be the exception. Reassignment and consolidation is warranted.

**III.     This Motion Is Timely.**

Local Rule 40.4(c) states in part: "In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not *generally* be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." (emphasis added).

---

[3] The minute entry orders in *Henderson*, *Abrego*, *Gecht*, *Mendoza*, *Colon*, *DeLeon-Reyes*, *Ezell*, *Almodovar*, and *Serrano* are attached as Group Exhibit E.

Although Defendants bring this motion prior to answering or otherwise pleading in the *Tinajero* case, that should not defeat the motion. *See Freeman*, 2004 WL 1879045 at *1 (granting reassignment motion brought before answers were filed because Local Rule does not explicitly require motion to be brought only after answers or other pleadings). Here, the cases are related under LR 40.4(a) and the four factors of LR 40.4(b) are met. Without bringing this motion now, there is a possibility that each case will veer off in its own direction, with different schedules, leading to the inefficient use of judicial and party resources and potentially resulting in inconsistent rulings over identical issues. Defendants thus file this motion as soon as practicable, seeking to achieve the judicial economies discussed above. *See East*, 2014 WL 1414902 at *2 (granting consolidation motion where second complaint had not yet been served and only one of seventeen defendants had filed a pleading responsive to the complaint in the first case).

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court grant the following relief:

A. Find that *Martinez* and *Tinajero* are related;

B. Reassign *Tinajero* to this Court;

C. Consolidate *Martinez* and *Tinajero* for the purposes of discovery and through summary judgment; and

D. Grant such other relief as this Court deems just and proper.

Dated: May 7, 2024                           Respectfully submitted,

/s/ Austin Rahe                              /s/ Jeffrey C. Grossich
AUSTIN RAHE, Atty. No. 6317608               JEFFREY C. GROSSICH, Atty. No. 6316511

| | |
|---|---|
| *One of the Attorneys for City of Chicago* | *Special Assistant Corporation Counsel for Defendants Vergara, Troche, Mingey, and Special Representatives Yanow and Rogers* |
| Catherine M. Barber | |
| Eileen E. Rosen | James G. Sotos |
| Andrew J. Grill | Josh M. Engquist |
| Austin G. Rahe | Laura M. Ranum |
| Theresa B. Carney | Allison L. Romelfanger |
| Jessica Zehner | Kyle T. Christie |
| Lauren M. Ferrise | Maurice C. Hunt |
| Rock, Fusco & Connelly | Jeffrey C. Grossich |
| 333 West Wacker Drive, 19th Floor | THE SOTOS LAW FIRM, P.C. |
| Chicago, IL 60606 | 141 W. Jackson Blvd, Suite 1240A |
| P: (312) 494-1000 | Chicago, IL 60604 |
| arahe@rfclaw.com | P: (630) 735-3300 |
| | jgrossich@jsotoslaw.com |
| /s/ Emily Schnidt | /s/Michele J. Braun |
| EMILY SCHNIDT, Atty No. 6298680 | MICHELE J. BRAUN, Atty No. 6187398 |
| *One of the Attorneys for Guevara* | *One of the Attorneys for Jake Rubenstein* |
| Steven B. Borkan | Kenneth Battle |
| Timothy P. Scahill | Michele J. Braun |
| Graham P. Miller | O'Connor & Battle, LLP |
| Emily E. Schnidt | 111 W. Jackson Blvd, Suite 1700 |
| Molly Boekeloo | Chicago, IL 60604 |
| Whitney Hutchinson | P: (312) 786-4600 |
| Mischa Itchhaporia | mbraun@mokblaw.com |
| Kathryn E. Boyle | |
| Borkan & Scahill | |
| 20 S. Clark Street, Suite 1700 | |
| Chicago, IL 60603 | |
| P: (312)-580-1030 | |
| eschnidt@borkanscahill.com | |

/s/ Kelli Huntsman
KELLI HUNTSMAN, Atty No. 6322594
*One of the Attorneys for Cook County*

Kelli Huntsman
Cook County State's Attorney's Office
Civil Actions Bureau-Affirmative & Complex Litigation
500 Richard J. Daley Center
50 W. Washington, Room 500
kelli.huntsman@cookcountysao.org

**CERTIFICATE OF SERVICE**

I, hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on May 7, 2024, I electronically filed the forgoing **Defendant's Joint Motion for Reassignment Based on Relatedness and for Consolidation for Purposes of Discovery and Dispositive Motion Practice** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list.

*<u>Attorneys for Plaintiff Martinez:</u>*
Anand Swaminathan (anand@loevy.com)
Annie D. Prossnitz (prossnitz@loevy.com)
Arthur R. Loevy (arthur@loevy.com)
Jonathan I. Loevy (jon@loevy.com)
Sean Starr (sean@loevy.com)
Steven E. Edwards (steve@loevy.com)
Loevy & Loevy
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
P: (312)243-5900

*<u>Attorneys for Plaintiff Tinajero</u>*
Kenneth N Flaxman (knf@kenlaw.com)
Joel A. Flaxman (jaf@kenlaw.com)
Kenneth N. Flaxman, P.C.
200 S. Michigan Avenue, Suite 201
Chicago, IL 60604-6107
P: (312) 427-3200

*<u>Attorneys for the City of Chicago</u>*
Eileen E. Rosen (erosen@rfclaw.com)
Andrew J. Grill (agrill@rfclaw.com)
Austin G. Rahe (arahe@rfclaw.com)
Catherine M. Barber (cbarber@rfclaw.com)
Jessica Zehner (jzehner@rfclaw.com)
Lauren M. Ferrise (lferrise@rfclaw.com)
Theresa B. Carney (tcarney@rfclaw.com)
Rock, Fusco & Connelly
333 West Wacker Drive, 19th Floor
Chicago, IL 60606
P: (312) 494-1000

*<u>Attorneys for Reynaldo Guevara</u>*
Steven B. Borkan (Sborkan@borkanscahill.com)
Timothy P. Scahill (tscahill@borkanscahill.com)
Graham P. Miller (gmiller@borkanscahill.com)

Emily E. Schnidt (eschnidt@borkanscahill.com)
Molly Boekeloo (mboekeloo@borkanscahill.com)
Whitney Hutchinson (whutchinson@borkanscahill.com)
Mischa Itchhaporia (mitchhaporia@borkanscahill.com)
Kathryn E. Boyle (kboyle@borkanscahill.com)
Borkan & Scahill
20 S. Clark Street, Suite 1700
Chicago, IL 60603
P: (312)-580-1030

***Attorneys for Cook County***
Kelli Huntsman (kelli.huntsman@cookcountyil.gov)
Cook County State's Attorney's Office
Civil Actions Bureau-Affirmative & Complex Litigation
500 Richard J. Daley Center
50 W. Washington, Room 500
Chicago, IL 60602
P: (312)-603-3151

***Attorneys for Jake Rubenstein:***
Kenneth M. Battle (kbattle@mokblaw.com)
Michele J. Braun (mbraun@mokblaw.com)
O'Connor & Battle, LLP
111 W. Jackson Blvd, Suite 1700
Chicago, IL 60604
P: (312) 786-4600

/s/ Jeffrey C. Grossich
JEFFREY C. GROSSICH, Atty. No. 6316511