**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JOHN MARTINEZ, | ) | |
| | ) | Case No. 23 C 01741 |
| *Plaintiff,* | ) | |
| | ) | Hon. Thomas M. Durkin |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.*, | ) | Hon. Sheila M. Finnegan |
| | ) | Magistrate Judge |
| *Defendants.* | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR
REASSIGNMENT BASED ON RELATEDNESS AND FOR CONSOLIDATION**

JOHN MARTINEZ, by and through his undersigned attorneys, submits this Response in

Opposition to Defendants' Motion for Reassignment Based on Relatedness and for Consolidation

with *Jose Tinajero v. City of Chicago, et al.*, No. 24-cv-01598 (N.D. Ill.), currently pending before

Judge John F. Kness, and states as follows:

**INTRODUCTION**

On March 21, 2023, roughly a month after his exoneration and twenty-three years after

Plaintiff was wrongfully incarcerated, Plaintiff filed this lawsuit. Over the past year, the parties

have litigated a number of discovery issues, including the entry of protective orders, access to

school records, and priority over questioning third-party witnesses at their depositions. The

parties have essentially completed written discovery. Despite the progress the parties have made,

Defendants have moved to reassign Plaintiff's co-defendant Jose Tinajero's case and consolidate

it with this one. Granting Defendants' motion will effectively stay Plaintiff's case for the foreseeable future.

Plaintiff does not contest that his case and Mr. Tinajero's case are related under Local Rule 40.4(a) because they involve similar legal and factual issues and arise from the same transaction. Even so, Defendants have not met the conditions for reassignment under Rule 40.4(b), as is their burden. First, Defendants have not established how the same judge handling both cases will substantially save judicial time and resources. Defendants have not indicated that they will waive their right to litigate the issues that have already been decided in Plaintiff's case, meaning that the Magistrate Judge may be forced to consider them anew in Mr. Tinajero's case.

Second, consolidating these cases will substantially delay Plaintiff's case, given that the parties have already completed written discovery and will need to wait for Mr. Tinajero to catch up. That process has taken a year in this case and will likely consume the same amount of time for Defendants and Mr. Tinajero. To the extent that Defendants are concerned with duplicative depositions, Plaintiff has offered that Mr. Tinajero's counsel join the depositions or rely on them to streamline discovery, as has been done in a recent case with the same counsel, *Gonzalez v. Guevara*, No. 22-cv-06496 (N.D. Ill.). Additionally, consolidation may be a practical option for cases that are filed within days or months of each other, but Mr. Tinajero's case was filed nearly a year after Plaintiff's. That delay alone counsels against consolidating the cases now.

And finally, Defendants' motion is untimely under Local Rule 40.4(c) because they have not yet responded to Mr. Tinajero's complaint. Should Defendants file a motion to dismiss, that will prolong resolution of Plaintiff's case even more. Because Defendants have failed to meet the required conditions of Rule 40.4, their motion for reassignment and consolidation must be denied.

**BACKGROUND**

Plaintiff John Martinez was exonerated for the 1998 beating death of Daniel Garcia on February 9, 2023. Shortly thereafter, Plaintiff filed this lawsuit on March 21, 2023. *See* Dkt. 1. Plaintiff has worked diligently over the past fourteen months to move discovery forward. The parties have litigated a number of issues in that time, including the entry of a confidentiality order and HIPAA protective order. *See* Dkt. 96, 100, 108, 114 (HIPAA motions and order); Dkt. 125, 132, 154 (Confidentiality Order motions and order). They have engaged in significant litigation over the priority of questioning third-party witnesses and were directed in January 2024 to promptly confer on scheduling these depositions. *See* Dkt. 109, 116, 124. Recently, the parties litigated whether Defendants were entitled to compel Plaintiff to sign a FERPA consent form and thereby release his Chicago Public School records. *See* Dkt. 145, 150, 153. Most critically, the parties have all but completed written discovery. Following the Magistrate Judge's February 20, 2024 ruling that set a deadline to file motions to compel over written discovery, *see* Dkt. 133, the parties completed supplementation of their interrogatories and requests for production. *See* Dkt. 158 (minute order noting that "[w]ith some narrow exceptions, written discovery between the parties is complete"). All that remains to complete for fact discovery are depositions.

Plaintiff Jose Tinajero's case, by contrast, is still nascent. Mr. Tinajero was exonerated and his case was dismissed at the State's request on January 31, 2024, nearly a year after Plaintiff Martinez. Plaintiff Tinajero filed his case on February 26, 2024. *See* Exhibit 1 (*Tinajero* Complaint). As of the time of filing this motion, no defendant had filed a responsive pleading to Mr. Tinajero's complaint.[1] Indeed, Defendants have sought extensions to answer or move to

---

[1] To date, only Defendant Rubinstein has answered. *See Tinajero*, No. 24-cv-01598, Dkt. 54.

dismiss in Mr. Tinajero's case, citing this pending motion to consolidate. *See* Exhibit 2 (*Tinajero*, No. 24-cv-01598, Dkt. 55).

Defendants have slow-walked discovery in Plaintiff's case by raising the prospect of Mr. Tinajero's forthcoming lawsuit. Plaintiff first served a notice of Defendants' depositions on November 13, 2023. Defendants objected to moving forward with depositions until they received the Cook County State's Attorney's and defense attorney's files. On February 16, 2024, Defendants raised for the first time, in their motion for an extension of fact discovery, that Plaintiff's co-defendants—Mr. Tinajero and Thomas Kelly—had recently been exonerated and asserted that their exonerations would complicate discovery in the present case. *See* Dkt. 130 at 7. On March 13, 2024, Plaintiff served an amended notice of deposition for third-party witnesses Melloney Parker and Jesus Fuentes. Defendants refused to proceed with the depositions, informing Plaintiff's counsel that they expected Plaintiff's and Mr. Tinajero's cases to be consolidated for discovery and that deposing witnesses in Plaintiff's case would be premature. *See* Group Exhibit 3 (Mar. 24 Email of L. Ranum; Mar. 24 Email of E. Schnidt). On April 15, the parties participated in a meet-and-confer regarding Defendants' intended motion to consolidate. Plaintiff expressed that while he opposed the motion, he had no objection to Mr. Tinajero's counsel joining the depositions or relying on the depositions in his case to expedite discovery.

**ARGUMENT**

Plaintiff does not dispute that his case is related to Mr. Tinajero's because both cases involve some of the same factual and legal issues and arise from the same transaction. *See* L.R. 40.4(a). However, Rule 40.4(b) also requires the following conditions for a related case to be reassigned to the earlier-numbered case: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time

4

Case: 1:23-cv-01741 Document #: 159 Filed: 05/24/24 Page 5 of 11 PageID #:2782

and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." Defendants have failed to establish that the third and fourth conditions are met such that these cases should be consolidated.

Ultimately, whether to reassign a case lies within the trial court's discretion. *See River Village West LLC v. Peoples Gas Light & Coke Co.*, No. 05-cv-2103, 2007 WL 541948, at *1 (N.D. Ill. Feb. 14, 2007) (internal citation omitted). Given the lack of judicial savings and the delay that will result should this motion be granted, Plaintiff urges this Court to deny Defendants' motion for reassignment and consolidation.

**I.      Consolidating these cases will not result in a substantial saving of judicial time and effort.**

At the outset, consolidating Plaintiff's and Mr. Tinajero's case will not result in a substantial saving of judicial time and effort due to their different procedural postures. The moving party bears the burden of explaining why each of Rule 40.4(b)'s conditions for reassignment are met. *See Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.* No. 02-cv-5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003). Conclusory allegations will not clear that bar; rather, the moving party must spell out why the saving to judicial time and resources would be substantial. *See Machinery Movers Local 136 v. Joseph/Anthony, Inc.*, No. 03-cv-8707, 2004 WL 1631646, at *3 (N.D. Ill. July 16, 2004) (denying motion to consolidate where moving party did not explain how consolidation would result in a substantial saving of judicial resources beyond conclusory allegations). Defendants have failed to carry that burden here.

Defendants argue that discovery will center around the same matters in both cases, including document production, subpoenas, and depositions, and therefore may be streamlined if the cases are consolidated. But this contention ignores the substantial discovery that has already

taken place in Plaintiff's case, including the production of thousands of documents, as well as

Defendants' issuance of subpoenas to and receipt of documents from Plaintiff's former defense

attorneys, the prisons where he was incarcerated, the State's Attorney, and Chicago Public

Schools. The parties completed this discovery after significant meet-and-confers and motion

practice. Defendants and Mr. Tinajero will have to repeat this process, including litigating a

protective order, a HIPAA order, as well as issuing and potentially litigating objections to a new

round of subpoenas. There is no guarantee that the parties will take the same positions across

both cases and streamline these disputes for the Magistrate Judge, particularly as Defendants

have not stated that they will waive litigating these disputes if Mr. Tinajero's case is reassigned.

## II.     Consolidating these cases will substantially delay Plaintiff's case.

Defendants have also failed to establish that the third condition of Rule 40.4(b) is met,

namely that reassignment will not substantially delay Plaintiff's case. Contrary to Defendants'

arguments, Plaintiff's case will effectively be stayed if the motion is granted, given the cases'

different stages of discovery. Courts deny motions for reassignment where it would substantially

delay the proceedings in the earlier case. *See Williams v. Walsh Const.*, No. 05-cv-6807, 2007

WL 178309, at *2-3 (N.D. Ill. Jan. 16, 2007) (denying motion to reassign due to different

procedural postures). That is precisely what would happen here. The parties in Plaintiff's case

have spent over a year litigating discovery issues and completing written discovery. Plaintiff

would be unduly prejudiced if he had to wait another year to begin depositions until the parties in

Mr. Tinajero's case caught up.

While Defendants concede that the two cases are at different stages of discovery, they

contend that reassignment will not delay Plaintiff's case because oral discovery has not begun in

either case. *See* Dkt. 156 at 9-10. This argument distorts the history of this case. Oral discovery

has not commenced because Defendants have refused Plaintiff's months-long efforts to schedule

depositions, even after the Court instructed the parties to schedule key third-party witness depositions. *See* Group Exhibit 3. Essentially, Defendants have used Mr. Tinajero's exoneration and forthcoming lawsuit as a pretext to delay oral discovery in the instant case.

To the extent that Defendants are concerned with conducting repeat depositions, Plaintiff is more than willing for Mr. Tinajero's counsel to join his depositions or rely on the depositions conducted in this case, rather than take them again. The parties in *Gonzalez v. Guevara*, No. 22-cv-06496 (N.D. Ill.) came to this arrangement after the court denied Mr. Gonzalez's motion to consolidate his case with his co-defendant's case, *Maysonet v. Guevara*, No. 18-cv-2342 (N.D. Ill.). There, the parties—represented by the same counsel, as in this case—agreed to rely on the depositions taken in Maysonet's case and limit the several redepositions in time and scope. The result has been an expedited fact discovery process—one that the parties in Mr. Tinajero's case may replicate.

Indeed, the City and individual Defendants argued against consolidation in Maysonet and Gonzalez's case because of how far fact discovery had progressed in the former. There, Defendants argued that "[c]onsolidation would only result in a de facto stay of the *Maysonet*. Waiting for *Gonzalez* to 'catch up' will inject months-long, and likely years-long delay, in this case." Exhibit 4 (Response opposing consolidation, No. 18-cv-2342, Dkt. 280). So too, here. Defendants have not explained how delay will be avoided and instead assert only that their different stages of discovery may actually favor consolidation, without elaborating further. *See* Dkt. 156 at 9. Courts in this district, however, routinely deny motions to consolidate where the cases are at different junctures. *See Medline Industries v. C.R. Bard, Inc.*, No. 14-cv-3618, 2020 WL 10486064, at *2 (N.D. Ill. Aug. 10, 2020) (denying motion for reassignment because the "time needed to conduct discovery, prepare new briefs, and hold hearings" would substantially

delay earlier case); *Robinson v. Burlington Northern R. Co.*, No. 95-cv-6781, 1997 WL 309026, at *2 (N.D. Ill. June 4, 1997) (denying motion to consolidate where "cases are clearly not proceeding at the same pace").

Courts also consider the time between cases being filed in determining whether consolidation would delay the earlier case. Where cases are filed within days or months of each other and meet the other conditions for reassignment, consolidation makes good sense. But where cases are filed a year or more apart, like here, consolidation will cause substantial delay. In denying Gonzalez's motion for consolidation, the court noted that "[h]ad the two men been exonerated around the same time, consolidation would make sense" but that the lapse between their exonerations and subsequent lawsuits would cause inevitable delay. Exhibit 5 (Order, No. 18-cv-2342, Dkt. 280). *Cf. Palomares v. Second Federal Savings & Loan Ass'n of Chicago*, No. 10-cv-6124, 2010 WL 4672295, at *3 (N.D. Ill. Nov. 9, 2010) (no danger of delay where cases were filed on the same day). Mr. Tinajero was exonerated nearly a year after Plaintiff and he filed suit nearly a year after Plaintiff as well.

By contrast, the cases Defendants cite in support of their argument that courts in this District routinely consolidate wrongful conviction cases were all filed within days or months of each other. *See Ezell v. City of Chicago*, No. 18-cv-1049) (N.D. Ill.) (filed on the same day as *Johnson v. City of Chicago, McCoy v. City of Chicago*, and *Styles v. City of Chicago*); *Clay v. Noradin, et al.*, No. 23-cv-16799 (N.D. Ill.) (filed 10 days after *Colon v. Noradin*); *Negron v. Guevara et al.*, No. 18-cv-2701 (N.D. Ill.) (filed 12 days after *Almodovar v. Guevara*); *Solache v. City of Chicago*, No. 18-cv-2312 (N.D. Ill.) (filed less than two months after *DeLeon-Reyes v. Guevara*); *Montanez v. Guevara, et al.*, No. 17-cv-4560 (N.D. Ill.) (filed two months after *Serrano v. Guevara*); *Mulero v. Guevara et al.*, No. 23-cv-4795 (N.D. Ill.) (filed three months

after *Mendoza v. City of Chicago*); *Cain v. Guevara et al.*, No. 23-cv-14282 (N.D. Ill.) (filed six months after *Abrego v. Guevara*); *Hernandez v. Guevara et al.*, No. 23-cv-1742 (N.D. Ill.) (filed seven months after *Gecht/Kwil v. Guevara*).[2] Had Plaintiff and Mr. Tinajero been exonerated closer in time or had their cases been filed within several months of each other, Plaintiff would agree that consolidation made sense. But as it stands now, with the cases a year apart and written discovery complete, consolidation will inevitably delay Plaintiff's case.

### III.   Defendants' motion is not timely.

Finally, Defendants' motion is premature. Local Rule 40.4(c) dictates, "In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." None of the Defendants had filed a responsive pleading in Mr. Tinajero's case at the time this motion was filed and only Defendant Rubinstein has filed one to date. Defending their lack of timeliness, Defendants assert only that filing the motion in this case before responding to Mr. Tinajero's pleadings was necessary less that "each case will veer off in its own direction." Dkt. 156 at 14. Yet, their responsive pleading is critical to this analysis. Should Defendants move to dismiss Mr. Tinajero's case, given that they have not represented they will answer it, the subsequent motion practice could delay Plaintiff's proceedings by a year or more. Instead, Defendants' motion to extend their time to respond to Mr. Tinajero's pleadings belies the true nature of this motion as a delay tactic.

---

[2] Defendants misrepresent that written discovery was complete in *Gecht/Kwil* when the case was consolidated with *Hernandez*. *See* Dkt. 156 at 9. Shortly after consolidation, Defendants enumerated the remaining written discovery to complete, including reviewing documents, outstanding subpoenas, and disputes over Plaintiffs' answers to written discovery requests. *See* Exhibit 6 (Order extending discovery deadline in *Gecht/Kwil/Hernandez v. Guevara*, No. 23-cv-1742). Written discovery is complete in Plaintiff's case, by contrast.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants'

motion for reassignment based on relatedness and for consolidation for purposes of discovery

and dispositive motion practice.

Dated: May 24, 2024                                 Respectfully submitted,


                                                    /s/ Annie Prossnitz
                                                    *Counsel for Plaintiff*

                                                    Jon Loevy
                                                    Anand Swaminathan
                                                    Steven Art
                                                    Sean Starr
                                                    Annie Prossnitz
                                                    LOEVY & LOEVY
                                                    311 N. Aberdeen
                                                    Chicago, Illinois 60607
                                                    (312) 243-5900
                                                    prossnitz@loevy.com

## CERTIFICATE OF SERVICE

I, Annie Prossnitz, an attorney, hereby certify that on May 24, 2024, I caused the foregoing response in opposition to Defendants' motion for reassignment to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Annie Prossnitz
*One of Plaintiff's Attorneys*