**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| THOMAS KELLY, | ) | |
| | ) | |
| | ) | Case No. 24 C 05354 |
| *Plaintiff,* | ) | |
| | ) | Hon. Judge Georgia N. Alexakis |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.,* | ) | Hon. Laura K. McNally |
| | ) | Magistrate Judge |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| JOSE TINAJERO, | ) | |
| | ) | |
| | ) | Case No. 24 C 01598 |
| *Plaintiff,* | ) | |
| | ) | Hon. Judge Georgia N. Alexakis |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.,* | ) | Hon. Laura K. McNally |
| | ) | Magistrate Judge |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| JOHN MARTINEZ, | ) | |
| | ) | |
| | ) | Case No. 23 C 01741 |
| *Plaintiff,* | ) | |
| | ) | Hon. Judge Georgia N. Alexakis |
| *v.* | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, *et al.,* | ) | Hon. Laura K. McNally |
| | ) | Magistrate Judge |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR RULE TO SHOW CAUSE
<u>AND WRIT OF BODY ATTACHMENT</u>**

Plaintiffs, John Martinez, Thomas Kelly, and Jose Tinajero, by their respective undersigned attorneys, respectfully move for an order requiring third-party witness Melloney Parker to appear before this Court and to show cause why she should not be held in contempt for failing to appear at her deposition. In support, Plaintiffs state as follows:

1.      Melloney Parker is one of the most important third-party witnesses in the above-captioned civil cases, which concerns Plaintiffs' wrongful convictions for murder. Dkt. 70, at 8-10, 12. Ms. Parker supposedly made identifications of Plaintiffs in photographic arrays, in a live lineup, and at their criminal trial. In addition, Ms. Parker gave a statement implicating Plaintiffs in the crime.

2.      Plaintiffs contend that Ms. Parker's statement and her identifications were fabricated by Defendants in order to implicate Plaintiffs falsely. In addition, Plaintiffs contend that Defendants suppressed information about their interactions with Ms. Parker, including information about her inability to see the crime, her inability to make an identification, pressure they used to obtain her identifications, information that they fed her about their chosen suspects, and promises to compensate Ms. Parker for her testimony.

3.      Early in this civil case, the parties litigated whether Plaintiffs or Defendants should be permitted to question Ms. Parker first during her deposition, Dkt. 109, and the Court ruled that Plaintiffs should question her first, Dkt. 124.

4.      For months, Plaintiffs have been working to take Ms. Parker's deposition. Plaintiffs have served Ms. Parker twice in this case with a deposition subpoena—once for a deposition in September 2023, and once for a deposition this month. She has ignored both of these subpoenas. Most recently, on April 2, 2025, Plaintiffs served Ms. Parker personally at 7830 S. Colfax in Chicago, for a deposition set for May 6, 2025 at Loevy & Loevy. Exhibit A

(Deposition Subpoena for Melloney Parker and Proof of Service). Ms. Parker did not appear for that deposition. Exhibit B (Transcript of Melloney Parker's Non-Appearance).

5.      Plaintiffs' counsel's efforts to contact with Ms. Parker have been unsuccessful. Defendants' investigators have made contact with Ms. Parker recently, but she refused to speak with them.

6.      At this point, Plaintiffs' efforts to obtain Ms. Parker's compliance with subpoenas voluntarily are to no avail. At minimum, a Court order will be necessary to obtain Ms. Parker's testimony.

7.      Under Federal Rule of Civil Procedure Rule 45(g), this Court may "hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). To hold a person in contempt, the moving party "must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). A party may initiate contempt proceedings where, as here, a non-party witness has failed to comply with a subpoena issued by an attorney. *Id.* at 693 ("[S]ubsection [(g)] of Rule 45 broadly refers to the contempt power of the 'issuing court,' which implies that all discovery subpoenas are contempt-sanctionable orders of the court whether issued in blank by the clerk or by an attorney as an officer of the court."[1]).

---

[1]      The 2013 amendment to Rule 45 moved the language authorizing the court to hold a person in contempt from subsection (e) to subsection (g). See Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment.

8.      Plaintiffs meet this burden here. Ms. Parker has intentionally failed to comply with Plaintiffs' subpoenas, after twice being afforded fair notice of the deposition date, time, and place.

9.      Moreover, there is no question that deposition subpoenas were served on Ms. Parker. Rule 45(b)(1) requires that service of a subpoena be effected by "delivering a copy [of the subpoena] to the named person." Fed. R. Civ. P. 45(b)(1). Ms. Parker was twice served personally.

10.      Ms. Parker should therefore be required to show this Court why she should not be held in contempt for failure to attend her deposition. Her testimony is critical in this case, and her deposition is essential to completing discovery. To the extent that Ms. Parker does not respond to this Court's order to show cause, Plaintiffs submit that a writ of body attachment may be necessary to secure her testimony.

11.      Plaintiffs' counsel have conferred with Defendants' counsel, and Defendants have indicated that they do not object to the relief sought in this motion.

12.      Plaintiff's counsel will send a copy of this motion by overnight mail to Ms. Parker at the same address where she was most recently served with a deposition subpoena.

WHEREFORE, Plaintiff respectfully requests that this Court order Melloney Parker to appear before it and show cause why the witness should not be held in contempt for failing to appear at her deposition.

**May 12, 2025**                                          RESPECTFULLY SUBMITTED,

/s/ Steve Art_____              /s/ Joel Flaxman_____
*Counsel for Plaintiffs Martinez & Kelly*        *Counsel for Plaintiff Tinajero*

Arthur Loevy                                            Joel Flaxman
Jon Loevy                                                 Kenneth Flaxman
Anand Swaminathan                                Law Offices of Kenneth N. Flaxman

4

Steven Art
Sean Starr
Alexandra Wolfson
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com

200 S. Michigan Ave., Ste 201
Chicago, IL 60604
(312) 427-3200

<u>**CERTIFICATE OF SERVICE**</u>

I, Steve Art, an attorney, hereby certify that, on May 12, 2025, I filed the foregoing

motion using the Court's CM/ECF system, which effected service on all counsel of record. In

addition, I caused a copy of this motion to be sent by overnight mail to Ms. Parker at the same

address where he was previously served with the deposition subpoenas.

<u>/s/ Steve Art</u>
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Anand Swaminathan
Steven Art
Sean Starr
Alexandra Wolfson
LOEVY & LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com